HUBER v FRANKENMUTH MUTUAL INSURANCE COMPANY

Docket No. 86577. Submitted November 18, 1986, at Detroit. Decided
    June 2, 1987.

   Victor Huber was injured in an automobile accident while in the
      course of his employment. The vehicle he was driving was
      owned by him and leased to his employer, Branch Motor
      Express. His personal insurer was Frankenmuth Mutual Insur-
      ance Company and his employer was self-insured. Huber
      brought an action in the Wayne Circuit Court against Franken-
      muth and Branch Motor for wage-loss benefits. During discov-
      ery, Branch Motor admitted that, under the no-fault act, it was
      the first-priority insurer. The court granted summary judgment
      for Frankenmuth and partial summary judgment to plaintiff
      against Branch Motor, and the case proceeded to mediation.
      When the case was evaluated at less than $10,000, the court
      remanded to the district court. Thereafter the federal bank-
      ruptcy court stayed all proceedings regarding Branch Motor.
      Plaintiff moved the district court to reinstate Frankenmuth as
      a party and the motion was granted. Frankenmuth moved to
      set aside the order, which motion was granted on the belief of
      the district judge that he had no power to modify a circuit
      court order. Plaintiff appealed to the circuit court, which dis-
      missed the appeal, Richard P. Hathaway, J. Plaintiff appealed.

      The Court of Appeals held:

      1. A district court has the authority to modify earlier circuit
      court orders in cases which have been removed to the district
      court due to lack of subject-matter jurisdiction in the circuit
      court.

      2. Failure of the court to allow the reinstatement of Franken-
      muth as a party was an abuse of discretion since the circum-
      stances had changed and Branch Motor had become uncollecta-
      ble.

      3. The employer-employee priority provisions regarding the

References

Am Jur 2d, Auto Insurance § 227.

Am Jur 2d, Courts § 97.

Am Jur 2d, Judgments §§ 679, 681.

Validity and construction of "no-fault" automobile insurance plans.
    42 ALR3d 229.

payment of personal injury protection insurance benefits contained in the no-fault insurance act apply only to motor vehicles owned or registered by the employer. A trip-lease arrangement, whereby the employee-owner of the vehicle leases the vehicle to the employer, who in turn insures the vehicle and authorizes the employee to use the vehicle in the course of his employment, is not equal to ownership for purposes of the employer-employee priority provisions. Frankenmuth is the next priority insurer under the circumstances.

Remanded.

1. COURTS — MODIFICATION OF JUDGMENTS — DISTRICT COURTS — COURT RULES.

A district court has the authority to modify earlier circuit court orders in cases which have been removed to the district court due to lack of subject-matter jurisdiction in the circuit court (MCR 2.227, 2.613[B]).

2. APPEAL — PRESERVING QUESTION.

The Court of Appeals will generally not review an issue which was not raised and decided by the trial court; however, it will review such an issue in order to insure that a miscarriage of justice will not occur.

3. JUDGMENTS — MODIFICATION OF JUDGMENTS — COURT RULES.

The policy behind the rule requiring litigants attempting to correct errors in judgments or orders to appear before the judge who made the judgment or order is that the original judge is best qualified to rule on the matter; in addition, such a rule tends to preserve the dignity and stability of judicial action by preventing unhappy litigants from turning to other judges to have the judgment reversed and by preventing judge shopping (MCR 2.613[B]).

4. JUDGMENTS — RELIEF FROM JUDGMENTS — APPEAL — COURT RULES.

A decision to grant relief from a judgment pursuant to the court rule allowing such relief is discretionary with the trial court and will not be disturbed absent an abuse of discretion (MCR 2.612[c][1]).

5. INSURANCE — NO-FAULT — EMPLOYER-EMPLOYEE PRIORITY — TRIP-LEASE.

The employer-employee priority provisions regarding the payment of personal injury protection insurance benefits contained in the no-fault insurance act apply only to motor vehicles owned or registered by the employer; a trip-lease arrangement,

whereby the employee-owner of the vehicle leases the vehicle to the employer, who in turn insures the vehicle and authorizes the employee to use the vehicle in the course of his employment, is not equal to ownership for purposes of the employer-employee priority provisions.

*Hoffa, Chodak & Robiner* (by *Kevin O'Neill* and *Wayne A. Rudell*), for plaintiff.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Michael L. Updike*), for defendant.

Before: SHEPHERD, P.J., and WAHLS and SULLIVAN, JJ.

WAHLS, J. Plaintiff, Victor Huber, appeals as of right from a Wayne Circuit Court order denying a motion to modify an earlier order of that court. The earlier order had granted summary judgment to defendant Frankenmuth Mutual Insurance Company. Plaintiff sought the modification of the earlier order after defendant Branch Motor Express filed for bankruptcy, which resulted in an order from a bankruptcy court staying all proceedings in the state court action regarding Branch Motor.

The underlying facts are not in material dispute. Plaintiff was involved in a motor vehicle accident on January 5, 1981, while in the course of his employment as a driver. The truck he was driving was insured by his employer, Branch Motor, and by his own personal motor vehicle insurer, Frankenmuth. Initially, both defendants paid plaintiff wage-loss benefits. When benefits were terminated, plaintiff commenced the instant suit in circuit court.

During discovery, Branch Motor admitted that, under the no-fault act, it was the first-priority insurer. Thereafter, Frankenmuth moved for sum-

mary judgment based on Branch Motor's admission that it was the first-priority insurer. Plaintiff opposed the motion, contending that the priorities under the no-fault act could not be admitted as a matter of law and that future events might indicate that Frankenmuth, and not Branch Motor, was the proper insurer with priority. Simultaneously, plaintiff moved for partial summary judgment against Branch Motor based on its admission that it was the proper priority insurer. Circuit Judge Irwin Burdick granted partial summary judgment to plaintiff and summary judgment to Frankenmuth, and the case proceeded to mediation.

Since it was evaluated at less than $10,000, Judge Burdick remanded the case to district court. At that time, plaintiff learned that Branch Motor had commenced bankruptcy proceedings. The bankruptcy court issued a stay of all proceedings regarding Branch Motor. Realizing that Branch Motor might be uncollectable, plaintiff filed a motion in district court to reinstate Frankenmuth as a party defendant. Frankenmuth failed to appear at the hearing on that motion and filed no objections. The motion was granted by District Court Judge Frederick E. Byrd on November 28, 1984.

Approximately one month later, Frankenmuth moved to set aside the November 28, 1984, order. In an order dated March 18, 1985, Judge Byrd amended the November 28, 1984, order by deleting that portion of his former order which had reinstated Frankenmuth. Apparently, Judge Byrd believed that he was unable to modify a circuit court order. In response, plaintiff went back to circuit court and filed a motion requesting relief from Judge Burdick's order dismissing Frankenmuth. The motion was heard and denied by Judge Richard P. Hathaway. Plaintiff then filed an appeal of

the district court's refusal to reinstate Frankenmuth as a party defendant. That appeal was dismissed by Judge Hathaway.

Plaintiff now appeals from Judge Hathaway's denial of plaintiff's motion to modify the original circuit court order dismissing Frankenmuth.

Plaintiff raises three issues. The first issue deals with procedure and is of first impression. We must decide if, once a case is removed from the circuit court to the district court, the district court has authority to modify preremoval circuit court orders. We hold that a district court has the authority to modify an earlier circuit court order in a case which has been removed to the district court due to lack of jurisdiction in the circuit court.

Plaintiff failed to raise this issue below. Generally, this Court will not review an issue which was not raised and decided by the trial court. MCR 7.203; *American Way Service Corp v Ins Comm'r,* 113 Mich App 423, 428; 317 NW2d 870 (1982). However, we will review such an issue in order to insure that a miscarriage of justice will not occur. *Id.*

At issue here is MCR 2.613(B), which deals with the power to set aside a judgment, and MCR 2.227, which addresses the transfer of cases due to lack of jurisdiction.

MCR 2.613(B) provides:

> (B) Correction of Error by Other Judges. A judgment or order may be set aside or vacated, and a proceeding under a judgment or order may be stayed, only by the judge who entered the judgment or order, unless that judge is absent or unable to act. If the judge who entered the judgment or order is absent or unable to act, an order vacating or setting aside the judgment or order or staying proceedings under the judgment or order

may be entered by a *judge otherwise empowered to rule in the matter.* [Emphasis added.]

The predecessor to MCR 2.613(B) was GCR 1963, 529.2:

2. Correction of Error by Other Judges. No judgment or order shall be set aside or vacated, and no proceeding under a judgment or order shall be stayed by any circuit judge except the one who made the judgment or order, unless he is absent or unable to act. If the circuit judge who made the judgment or order is absent or unable to act, *an order vacating or setting aside the judgment or order or staying proceedings under the judgment or order may be made by any of the other judges of the circuit or any judge assigned to the circuit.* [Emphasis added.]

The policy behind the rule requiring litigants to appear before the judge who made the judgment or order is that the original judge is best qualified to rule on the matter. 3 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), Rule 529, Comment 7, p 230. In addition, such a rule tends to preserve the dignity and stability of judicial action by preventing unhappy litigants from turning to other trial judges to have the judgment "reversed" and by preventing "judge shopping." *Id.* However, the old rule further provided that, if the judge who originally entered the judgment or order was absent or unable to act, action could be taken by any of the other judges of the circuit or by any judge assigned to the circuit.

The new rule is basically the same as its predecessor in that it gives primary jurisdiction to the original judge. 3 Martin, Dean & Webster, Michigan Court Rules Practice, Rule 2.613, Comment 5, p 574. The only difference in the new rule is that,

instead of stating that a judge of the same circuit may act as a substitute when necessary, it states that "a judge otherwise empowered to rule in the matter" may act as a substitute. That is, a judge who would have been qualified to hear the case initially may act as a substitute for the original judge. Usually, this rule is used to empower a subsequent judge of the same level as the initial judge to hear the case. However, there are occasions when a judge of a different level will be authorized to pass decision on a case. The most common instance is when a lower court judge is sitting by assignment. In that case, the lower court judge is treated as if he or she is a judge of the higher court.

Here, we have a different twist. The case was originally brought in circuit court and then sent down to district court. Thus, the second judge was neither from, nor acting at, the same level as the first judge. The question in this case then is whether the second judge was "empowered" to rule on the matter before him.

Of significance is MCR 2.227, which provides for the transfer of a case and the conferring of jurisdiction on another court. That rule states:

(A) Transfer to Court Which Has Jurisdiction.

(1) When the court in which a civil action is pending determines that it lacks jurisdiction of the subject matter of the action, but that some other Michigan court would have jurisdiction of the action, the court may order the action transferred to the other court in a place where venue would be proper. If the question of jurisdiction is raised by the court on its own initiative, the action may not be transferred until the parties are given notice and an opportunity to be heard on the jurisdictional issue.

* * *

(B) Procedure After Transfer.
(1) *The action proceeds in the court to which it is transferred as if it had been originally filed there.* If further pleadings are required or allowed, the time for filing them runs from the date the clerk sends notice that the file has been forwarded under subrule (A)(4). The court to which the action is transferred may order the filing of new or amended pleadings. [Emphasis added.]

To simplify, when a case is transferred, the rulings of the original court become, in effect, the rulings of the new court. The new court is thus "empowered" to act upon those orders as if the orders were its own. Therefore, the district court in this case was authorized to modify the circuit court order dismissing Frankenmuth as a codefendant. Accordingly, once the case was transferred to the district court due to lack of subject matter jurisdiction, the circuit court's authority was by appeal only.

Plaintiff's second argument is that he is entitled to relief from the initial order dismissing Frankenmuth because the subsequent bankruptcy and stay of proceedings against Branch Motor left him without a viable defendant. According to plaintiff, that new development constitutes extraordinary circumstances which warrant setting aside the original circuit court order.

Relief from a judgment may be granted for a variety of reasons pursuant to MCR 2.612(C)(1), formerly GCR 1963, 528.3, which states, in part:

(C) Grounds for Relief From Judgment
(1) On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:
(a) Mistake, inadvertence, surprise, or excusable neglect.

(b) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under MCR 2.611(B).

\* \* \*

(f) Any other reason justifying relief from the operation of the judgment.

A trial court's decision to grant relief based on this court rule is discretionary and will not be disturbed absent an abuse of discretion. *Bye v Ferguson,* 138 Mich App 196, 202; 360 NW2d 175 (1984).

We conclude that, on the facts of this case, relief should have been granted. Failure to do so was an abuse of discretion. Frankenmuth was dismissed on the assumption that Branch Motor would pay the expenses of plaintiff. The order was based on Branch Motor's admission that it was liable for plaintiff's expenses because it was the first-priority insurer under no-fault, an ultimate conclusion of law for the courts. At the time the order was entered, the parties believed that Branch Motor would be able to fulfill its obligation. None of the parties contemplated that Branch Motor would subsequently be involved in bankruptcy proceedings and thus essentially become uncollectable. Therefore, once it became obvious that the circumstances had changed and Branch Motor had become uncollectable, Frankenmuth should have been reinstated as a party defendant.

Plaintiff's final argument is that Frankenmuth is the next proper priority insurer under the no-fault act and, as such, is liable if the first priority insurer is unable to pay.

At issue is MCL 500.3114(4); MSA 24.13114(4), which states:

(4) Except as provided in subsections (1) to (3), a

person suffering accidental bodily injury arising from a motor vehicle accident while an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:

(a) The insurer of the owner or registrant of the vehicle occupied;

(b) The insurer of the operator of the vehicle occupied.

Case law interpreting this provision has generally involved situations where employers have not insured vehicles used in the course of employees' employment. For example, in *Lee v DAIIE,* 412 Mich 505; 315 NW2d 413 (1982), plaintiff's employer, the United States Post Office, was not required to insure the vehicles used by its employees. Plaintiff sought benefits from his personal insurer, even though the personal insurer did not insure the post office vehicle. The Supreme Court stated:

Sections 3114(4) and 3115 are concerned, of course, with priorities among personal protection insurers of owners and operators of motor vehicles and, in this case, there is no insurer of the owner of the post office vehicle. The point to be made, however, is that by reason of the combined effect of § 3114(1) and the first clause of both §§ 3114(4) and 3115 ("except as provided in subsection [1] of section 3114"), the personal insurer of an injured claimant may stand liable for benefits despite the fact that it has written no coverage respecting any vehicle involved in the accident and indeed that no vehicle involved in the accident has any coverage whatever. [*Id.,* p 516.]

The Supreme Court also indicated that the broader purpose behind §§ 3114 and 3115 is to provide benefits whenever an insured is injured in a motor vehicle accident, whether or not a regis-

tered or covered motor vehicle is involved. The statutes' narrower purpose, the Court stated, is to ensure that an injured person's personal insurer stands primarily liable for such benefits, whether or not its policy covers the vehicle involved or the vehicle is insured by another no-fault carrier. *Id.,* p 515.

In response, Frankenmuth argues that plaintiff's sole remedy is found in MCL 500.3114(3); MSA 24.13114(3), which states:

> An employee, his or her spouse, or a relative of either domiciled in the same household, who suffers accidental bodily injury while an occupant of a motor vehicle *owned or registered by the employer,* shall receive personal protection insurance benefits to which the employee is entitled from the insurer of the furnished vehicle. [Emphasis added.]

Frankenmuth asserts that the relevant vehicle in this case was, in effect, owned by Branch Motor, plaintiff's employer, and that therefore plaintiff cannot seek benefits under MCL 500.3114(4); MSA 24.13114(4) against Frankenmuth.

Frankenmuth's assertion with respect to MCL 500.3114(3); MSA 24.13114(3) is unfounded. The vehicle in question was never owned or registered by plaintiff's employer, but rather was owned by plaintiff. The particular arrangement involved a "trip-lease" agreement whereby plaintiff leased the vehicle to his employer, who in turn insured the vehicle and authorized plaintiff to use it in the course of his employment. Subsection (3) specifically requires the vehicle to be "owned or registered by the employer." A trip-lease arrangement is not equal to ownership. *Transport Ins Co v Home Ins Co,* 134 Mich App 645, 654; 352 NW2d 701 (1984).

Furthermore, as stated above, the policy behind

the no-fault act is to compensate an insured injured in a motor vehicle accident. *Lee, supra.* Branch Motor is in bankruptcy proceedings and there is a great likelihood that plaintiff will not be able to recover from it. Thus, Branch Motor is similarly situated to those employers who are uninsured. Therefore, Frankenmuth is the next priority insurer under MCL 500.3114(4); MSA 24.13114(4). Finally, once Branch Motor's bankruptcy proceedings have been resolved, Frankenmuth may proceed to recoup the benefits paid out to plaintiff under MCL 500.3115(2); MSA 24.13115(2).

Remanded to the district court for proceedings consistent with this opinion.