## WILLIAMS v WILLIAMS

Docket No. 155320. Submitted June 6, 1995, at Detroit. Decided November 21, 1995, at 9:30 A.M.

James L. Williams was granted a judgment of divorce from Maryester Williams in the Wayne Circuit Court, John H. Hausner, J. Shortly after entry of the judgment of divorce, the plaintiff moved for a new trial or for an amendment of the judgment on the basis that defendant committed fraud on the court and the plaintiff by failing to disclose during the divorce proceedings the existence of a savings account that was held in her name. Both parties requested an evidentiary hearing. The court ordered the parties to depose the relevant witnesses and to present to the court the depositions and the respective arguments. After depositions that contained conflicting evidence concerning the ownership of the funds in the account had been taken and the parties had presented their arguments, the court found that the defendant deliberately had concealed the existence of the account from the court and the plaintiff and ordered that the property distribution provision of the judgment be substantially altered and that the defendant be forever barred from receiving alimony. The defendant appealed.

The Court of Appeals held:

1. Where a party brings a motion that alleges that fraud has been committed on the court, an evidentiary hearing is required. MCR 2.119(E)(2) provides that where a motion is based on facts that are not on the record, a court may hear the motion on affidavits of the parties, deposition testimony, or oral testimony. Although the level of proof required where there is an allegation of fraud on the court is "of the highest order," the question whether the evidence will be presented by way of deposition or by way of oral testimony given before the court is a question addressed to the discretion of the court. The record in this case does not support a conclusion that the trial court abused its discretion by relying on the deposition testimony.

2. Although the trial court properly decided the motion on

REFERENCES

Am Jur 2d, Motions § 23.

See ALR Index under Motions.

the basis of deposition testimony, the court erred in modifying the distribution of assets by focusing primarily on the existence of the fraud on the court and without considering the other factors relevant to an equitable distribution of the marital property. Accordingly, on remand, the court must make an equitable division of the marital property in light of all the relevant factors, including the fraud.

Affirmed in part and remanded for further consideration.

CAVANAGH, P.J., dissenting, stated that the trial court should reconsider not only the apportionment of the marital assets, but also whether a fraud was perpetrated on the court after it has held a full, in-court evidentiary hearing in which the witnesses give oral testimony before the court so that it can better assess the credibility of the witnesses on the basis of their demeanor.

MOTIONS AND ORDERS — POSTTRIAL MOTIONS — FRAUD ON THE COURT — EVIDENTIARY HEARINGS — DEPOSITIONS — COURT RULES.

A posttrial motion alleging fraud committed on the court requires the holding of an evidentiary hearing; a court, in the exercise of its discretion, may hear such a motion using deposition testimony rather than testimony given orally by the witnesses before the court (MCR 2.119[E][2]).

*Bookholder & Bassett* (by *Scott Bassett*), for the plaintiff.

*McCrory & Kovsky, P.C.* (by *Charles E. Kovsky* and *Julie E. Gilfix*), for the defendant.

Before: CAVANAGH, P.J., and MARKMAN and L. M. GLAZER,* JJ.

L. M. GLAZER, J. Defendant appeals as of right from a judgment of divorce entered on December 10, 1991. We remand for further consideration.

Plaintiff filed for divorce on April 26, 1991. On December 13, 1991, following entry of the judgment of divorce, plaintiff filed a motion for a new trial or for an amendment of the judgment, pursuant to MCR 2.611 and 2.612, claiming that he had

---

* Circuit judge, sitting on the Court of Appeals by assignment.

just discovered the existence of a savings account in defendant's name that had not been disclosed to the court during the divorce proceedings. Both parties requested that the court hold an evidentiary hearing to resolve this issue. Instead, the court ordered that the parties depose the relevant witnesses and then present to the court their respective arguments based upon the depositions.

The deposition testimony revealed that defendant had opened a savings account, in her name alone, about a year before plaintiff filed for divorce. Defendant and others testified that she had used the account as a depository for funds raised for a community choir that she helped manage. Defendant also testified that she used the account to keep money for a friend, Jacqueline Chisholm, who did not want her own husband to know of her separate savings.

Defendant testified that she had not disclosed the existence of the account because although the account was in her name, the assets it contained belonged in part to her friend and in part to her church choir. Defendant contradicted plaintiff's assertion that he had not known of the existence of the account. Chisholm and members of the choir confirmed defendant's testimony.

However, the bank's records showed that defendant had instructed the bank to change the address to which statements were sent (changing from her home address to a friend's address) shortly after plaintiff filed for divorce. Records and testimony also showed that defendant had withdrawn $15,000 from the account shortly before plaintiff filed for divorce, using the money as a deposit on an automobile.

After witnesses were deposed, counsel for the parties argued the matter before the trial court. After hearing the arguments, the court found that

defendant had deliberately concealed the account from plaintiff and the court. The court thereupon modified the judgment, substantially altering the property distribution and barring alimony.

On appeal, defendant contends that the trial court erred in refusing to hold an evidentiary hearing, instead relying upon deposition transcripts.

Longstanding Michigan case law requires that when a party makes a motion alleging that fraud has been committed on the court, an evidentiary hearing is required. *Parlove v Klein,* 37 Mich App 537, 544-545; 195 NW2d 3 (1972). However, MCR 2.119(E)(2) provides:

> When a motion is based on facts not appearing of record, the court may hear the motion on affidavits presented by the parties, or may direct that the motion be heard wholly or partly on oral testimony or deposition.

This case requires this Court to decide whether a "deposition" hearing, ordered pursuant to MCR 2.119(E)(2), satisfies *Parlove's* requirement of an evidentiary hearing.

It appears that in every case in which this Court has considered the question of a hearing following allegations of fraud on the Court, the issue presented was simply whether *any* evidentiary hearing was required. The rule appears to have originated in *Parlove* itself. In that case, the petitioner sought a new trial based on specific allegations of the respondent's fraud in the first trial. The trial court granted the petitioner's motion for a new trial after considering only the pleadings.

This Court held that the trial court should have conducted an evidentiary hearing to determine whether the petition's allegations of fraud were

well-grounded, rather than ordering a new trial on
the basis of the mere allegations in the petition.
*Parlove, supra* at 544-545. In *Parlove,* the trial
court acted upon an allegation of fraud without
any hearing whatever; it was this plenary omis-
sion that was reversed on appeal. The deposition
procedure utilized by the trial court in the present
case was not available to the *Parlove* trial court in
1972; the staff comment to MCR 2.119 states that
"[s]ubrule (E)(2) is a new provision based on FRCP
43(e)," whereas "[s]ubrules (E)(1) and (3) are based
on the current motion practice provisions of GCR
1963, 119."

In *Parlove,* this Court decided that an allegation
of fraud on the court requires an evidentiary
hearing, *as opposed to decision without a hearing.*
It did not decide that such an allegation requires a
hearing in which those giving testimony appear in
person before the court, *as opposed to a hearing
based on deposition testimony;* that choice simply
did not exist in 1972.

In *Rapaport v Rapaport,* 185 Mich App 12, 15;
460 NW2d 588 (1990), the plaintiff alleged that the
defendant had filed documents (in a previous ali-
mony hearing) that were false and misleading and
requested relief from the resulting order pursuant
to MCR 2.612(C)(1)(c) (which sets forth the grounds
for relief from a judgment) "based on fraud . . . or
other misconduct of an adverse party." The defen-
dant moved to dismiss the motion for failure to
state the allegations with particularity, as re-
quired by MCR 2.112(B)(1), (which sets forth the
requirement for pleading special matters such as
fraud, mistake, or condition of mind), and the trial
court granted the motion. This Court reversed,
holding that MCR 2.112(B)(1) applies only to the
original pleadings opening a case and not to subse-
quent motions. *Rapaport, supra* at 16.

This Court then noted:

> MCR 2.119(E)(1) provides that contested motions *should* be noticed for hearing. When all of the facts necessary to decide the motion are not of record the court has discretion to hear the motion on affidavits, or it may direct that the motion be heard on oral testimony or deposition. MCR 2.119(E)(2). Furthermore, where a party alleges that a fraud has been committed on the court, it is generally an abuse of discretion for the court to decide the motion without first conducting an evidentiary hearing into the allegations. [*Id.* Emphasis in original.]

This Court then held:

> [T]he trial court abused its discretion when it denied plaintiff's motion for relief . . . without first holding a full evidentiary hearing on plaintiff's allegations of fraud, misrepresentation, and other misconduct by defendant with respect to that order. [*Id.* at 18.]

We do not read this language to mandate that the circumstances in *Rapaport* require a hearing in which the evidence is presented by witnesses appearing in person before the court, as opposed to a hearing in which the court is apprised of the facts through deposition testimony.

In *Michigan Bank-Midwest v D J Reynaert, Inc,* 165 Mich App 630; 419 NW2d 439 (1988), the intervenors alleged existence of an oral partnership with the defendant. The defendant had secured a mortgage loan on the subject property without knowledge of the intervenors and then had defaulted on the mortgage, at which point the plaintiff-mortgagor had foreclosed, causing the intervenors to intervene in the foreclosure suit. Upon discovery of the existence of a "memoran-

dum agreement" between the intervenors and the defendant, the plaintiff moved under MCR 2.612(C)(1)(c) to set aside the order allowing intervention, alleging fraud on the court by reason of the intervenors' failure to disclose the existence of the agreement to the court. The trial court reviewed the written agreement, held that its text constituted an unambiguous relinquishment of any rights in the subject property by the intervenors, and, thereupon, granted the plaintiff's motion.

The intervenors then moved for reconsideration, seeking an evidentiary hearing with respect to the plaintiff's claim of fraud on the court. The trial court denied the intervenors' motion, reasoning that although "an evidentiary hearing is normally necessary to determine whether such fraud exists," it was unnecessary in this case "because [this] decision was based on the existence of a memorandum agreement and its amendment" and the "[i]ntervenors had not denied that they executed these documents." *Michigan Bank, supra* at 637-638. The intervenors appealed, and this Court affirmed the trial court's decision in an opinion that merits quotation:

> Plaintiff sought to set aside the intervention order pursuant to MCR 2.612(C)(1)(c) [fraud (intrinsic or extrinsic), misrepresentation or other misconduct of the adverse party]. A trial court's decision based on this court rule is discretionary and will not be disturbed absent an abuse of discretion. *Huber v Frankenmuth Mutual Ins Co,* 160 Mich App 568, 576; 408 NW2d 505 (1987).
>
> We cannot conclude that the trial judge abused his discretion in setting aside the intervention. The motion to intervene was filed on August 26, 1985. In it, intervenors averred that an oral partnership existed between Reynaert and intervenors and that the property was purchased with partnership funds to be held by Reynaert and his wife in

trust for the partnership. Initially, when the court granted the motion to intervene, the court did not have knowledge of the December 15, 1982, amendment to the December 13, 1982, memorandum agreement. The amendment clearly indicated that intervenors were relinquishing any interests they may have to the warehouse property and that Reynaert would be the sole titleholder thereto. Had the court been aware of this amendment, denial of the motion to intervene would not have been an abuse of discretion.

Although we are cognizant of the general rule that, where a party alleges fraud has been committed on the court, the court must conduct an evidentiary hearing to determine whether the alleged fraud exists, *St Clair Commercial & Savings Bank v Macauley,* 66 Mich App 210, 214-215; 238 NW2d 806 (1975), lv den 396 Mich 864 (1976), we do not conclude that the court erred by not holding an evidentiary hearing on this issue because, as we indicated earlier, the trial judge would have been absolutely correct in denying the motion to intervene on the basis that the amendment to the memorandum agreement extinguished any rights of the intervenors. Thus, intervenors have not established error. [*Id.* at 642-643.]

Most recently, in *Kiefer v Kiefer,* 212 Mich App 176; 576 NW2d 873 (1995), this Court, following *Rapaport* and *Parlove,* held that the trial court erred in granting the plaintiff's request to reinstate permanent alimony on the basis of a determination of the defendant's fraud without first holding an evidentiary hearing. This Court found that "the trial court abused its discretion by making a credibility determination in favor of plaintiff without holding an evidentiary hearing." *Id.* at 179-180. Unlike in the instant case, however, no depositions were taken and considered by the court. Again, unlike in the instant case, the defendant in *Kiefer* was denied entirely any opportunity to respond to the plaintiff's allegations.

While recognizing that the level of proof relating to allegations of fraud is "of the highest order," we believe that the trial court itself is best equipped to decide whether the positions of the parties (as defined by the motion and response, as well as by the background of the litigation) mandate a judicial assessment of the demeanor of particular witnesses in order to assess credibility as part of the fact-finding process. Some motions undoubtedly will require such an assessment, e.g., situations in which "swearing contests" between two or more witnesses are involved, with no externally analyzable indicia of truth. Other motions will not, e.g., situations in which ascertainable material facts are alleged, such as the contents of a bank account on a particular day. Where the truth of fraud allegations can be determined without reference to demeanor, we do not believe that the law requires a trial court to devote its limited resources to an in-person hearing.

"Credibility" and "demeanor" are not synonymous. Demeanor may be one element in assessing a witness' credibility, but often demeanor plays no such role. Such things as motive to lie, lack of opportunity to observe, and prior inconsistent statements may be more important determinants of credibility. SJI2d 4.01; CJI2d 2.6.

The decision whether to hold an evidentiary hearing under MCR 2.119(E)(2) is reviewed for an abuse of discretion. *Rapaport, supra* at 16. On the basis of the record presented here, we are unable to conclude that an abuse of discretion occurred in this case.

We note that when modifying the disposition of assets, the trial court relied on this Court's decision in *Sands v Sands,* 192 Mich App 698, 704; 482 NW2d 203 (1992), which suggested that a spouse who fraudulently concealed an asset was estopped

from receiving any portion of that asset. However, while affirming this Court's disposition in *Sands,* the Supreme Court specifically rejected a rule of automatic forfeiture in cases involving the concealment of marital assets. *Sands v Sands,* 442 Mich 30; 497 NW2d 493 (1993). Instead, the trial court must consider the factors enunciated in *Sparks v Sparks,* 440 Mich 141, 159-160; 485 NW2d 893 (1992), in order to make an equitable division of marital property. *Sands, supra,* 442 Mich 36-37. Any modification of the judgment of divorce based upon defendant's concealment of assets should be made in accordance with the Supreme Court's decisions in *Sparks* and *Sands.*

Therefore, the trial court acted in accordance with MCR 2.119(E)(2) in deciding the motion for a new trial or for an amendment of the judgment (based on the alleged fraudulent conduct by the nonmoving party) on the basis of the deposition testimony alone. However, the amended judgment itself is remanded for reconsideration in light of this opinion.

MARKMAN, J., concurred.

CAVANAGH, P.J. *(concurring in part and dissenting in part).* While I agree that the trial court incorrectly apportioned the marital assets after finding fraud, I respectfully dissent from the majority's holding that a hearing conducted via depositions constitutes a full evidentiary hearing for the purpose of making a finding of fraud upon the court.

I agree with the majority that, as provided in MCR 2.119(E)(2), deposition testimony will be sufficient for many evidentiary hearings. However, the majority has completely ignored the level of proof required in the present case. The level of proof

required to sustain a motion to set aside a judgment because of alleged fraud is "of the highest order." *Kiefer v Kiefer,* 212 Mich App 176, 179; 576 NW2d 873 (1995); *Parlove v Klein,* 37 Mich App 537, 544; 195 NW2d 3 (1972).

In *Parlove,* this Court held that a full evidentiary hearing was required for a determination whether there had been fraud upon the court. *Parlove, supra* at 545. The majority holds that a "deposition" hearing, ordered pursuant to MCR 2.119(E)(2), satisfies *Parlove's* requirement of a full evidentiary hearing. MCR 2.119(E)(2) provides:

> When a motion is based on facts not appearing of record, the court may hear the motion on affidavits presented by the parties, or may direct that the motion be heard wholly or partly on oral testimony or deposition.

However, in *Parlove,* this Court specifically stated that the trial court could not determine whether there had been fraud upon the court solely by reference to conflicting affidavits. *Parlove, supra* at 544-545. Thus, relying on MCR 2.119(E)(2) for the definition of "full evidentiary hearing" is contrary to the holding of *Parlove,* which the majority purports to follow.

As the parties noted in the trial court, this case involves a question of credibility. The majority correctly states that an assessment of credibility can be made without considering a witness' demeanor. However, for better or worse, our judicial system places value on the factfinder's ability to observe witnesses. The deference an appellate court gives the trial court's findings of fact is due to "the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." MCR 2.613(C). The Supreme Court has

observed that "[t]here are many aids possessed by the judge who hears the oral testimony in deciding who of the witnesses are truthful that do not get upon the printed page." *Beason v Beason,* 435 Mich 791, 800-801; 460 NW2d 207 (1990) (quoting *Donaldson v Donaldson,* 134 Mich 289, 291; 96 NW 448 [1903]).

Because a finding of fraud upon the court requires the *highest* order of proof, I believe that the trial court should not have deprived itself of the opportunity to observe each witness firsthand and to consider the witness' demeanor as it assessed credibility. Therefore, I would remand to the trial court for a full, in-court evidentiary hearing.