*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MELISSA E. M. ADAMS-BRENNAN,

      Plaintiff-Appellant,

v

RELIABLE STANDARD LIFE INSURANCE
COMPANY,

      Defendant-Appellee.

UNPUBLISHED
January 23, 2025
2:29 PM

No. 369887
Ingham Circuit Court
LC No. 21-000753-CZ

Before: M. J. KELLY, P.J., and LETICA and WALLACE, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court order granting defendant's motion for dismissal for noncompliance with court orders and the trial court order denying plaintiff's motion for reconsideration. We affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed a complaint alleging that she was injured in the course of her employment with a school district. Plaintiff was allowed to use her vacation and sick leave hours and then placed on short-term disability. Defendant, the school district's insurance carrier, apparently paid long-term disability benefits but ended the payments in June 2021, causing plaintiff to file suit. The trial court issued a scheduling order requiring the parties' participation in facilitative mediation. The parties failed to agree upon a mediator. On August 30, 2022, the trial court issued an order appointing David Lick as the mediator and requiring the parties participate in the process. After a preliminary evaluation with Lick, the parties agreed to participate in a full mediation. In February 2023, Lick sent an e-mail to the parties' attorneys inquiring about the scheduling of mediation, proposed dates for the Zoom mediation, and the payment for services rendered and the deposit from plaintiff's counsel. There is no indication that plaintiff's counsel responded to the e-mail.

In March 2023, defendant moved to adjourn the April 17, 2023 trial date because of a scheduling conflict. This motion also sought an order compelling plaintiff to participate in the mediation, including the payment of the fee. Defendant's proof of service indicated that the motion

-1-

was served on plaintiff's counsel by e-mail. Plaintiff apparently did not respond to the motion or appear at the hearing. The trial court granted the motion.

In May 2023, Lick sent another e-mail to the parties' attorneys, noting that a deposit for the mediation was not made and inquiring if mediation would still occur. There is no indication that plaintiff's counsel responded to this e-mail.

In late May 2023, defendant moved to dismiss plaintiff's complaint for the failure to comply with the court's orders and participate in mediation. Plaintiff's counsel did not file a response to the motion or appear at the hearing on the motion. The trial court granted the motion.

Plaintiff moved for reconsideration, asserting that she did not refuse to participate in mediation and did not receive appropriate service of the motions. The trial court issued an order denying the motion for reconsideration without holding oral argument and concluded that service via email was proper under MCR 2.107(G). From this decision, plaintiff appeals.

## II. STANDARD OF REVIEW

A trial court's determination that a litigant failed to comply with a court rule is reviewed for an abuse of discretion. See *Grayling Twp v Berry*, 329 Mich App 133, 152; 942 NW2d 63 (2019). A trial court's decision to dismiss an action for failure to comply with court rules or court orders is reviewed for an abuse of discretion. See *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006); *Woods v SLB Prop Mgmt, LLC*, 277 Mich App 622, 630; 750 NW2d 228 (2008); *Vicencio v Ramirez*, 211 Mich App 501, 506; 536 NW2d 280 (1995). An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes. *Andreson v Progressive Marathon Ins Co*, 322 Mich App 76, 90; 910 NW2d 691 (2017).

A trial court's ruling regarding a motion for reconsideration is reviewed for an abuse of discretion. *Auto-Owners Inc Co v Compass Healthcare PLC*, 326 Mich App 595, 607; 928 NW2d 726 (2018). This Court has found "no abuse of discretion in denying a motion resting on a legal theory and facts which could have been pled or argued prior to the court's original order." *Woods*, 277 Mich App at 630 (quotation marks and citation omitted).

## III. ANALYSIS

Plaintiff first alleges[1] that the trial court erred in concluding that she refused to participate in mediation. We disagree.

---

[1] Defendant contends that plaintiff waived appellate review of this issue by failing to file an answer to the defense motion in the trial court. A litigant must generally preserve an issue on appeal by raising it before the trial court. *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 359090), slip op at 2. A careful reading of *Tolas Oil* reveals that "the party asserting error must demonstrate that the issue was raised in the trial court." Because defendant raised the issue of plaintiff's participation in mediation, the

The record reflects that, on March 1, 2022, the trial court signed a scheduling order stipulated to by the parties. This order provided that the parties "shall submit this case to FACILITATIVE MEDIATION pursuant to MCR 2.411." The parties did not identify a mediator in the order. Consequently, if the parties failed to notify the alternative dispute resolution (ADR) clerk of a stipulated mediator by May 31, 2022, "the clerk shall appoint from the Court's approved mediator roster[.]" This order further stated:

> THIS ORDER MAY BE AMENDED ONLY WITH THE EXPRESS PERMISSION OF THE COURT. ANY REQUESTS FOR ADJOURNMENTS OR EXTENSIONS MUST BE SUPPORTED BY GOOD CAUSE AND ANY NEW DATE SCHEDULED BY THIS COURT MUST BE INCLUDED IN ANY ORDER PRESENTED TO THE COURT. A SCHEDULING CONFERENCE ORDER WILL NOT SAVE YOUR CASE FROM NO PROGRESS. IT IS THE RESPONSIBILITY OF THE PARTIES TO KEEP THEIR CASE MOVING.

On August 30, 2022, the trial court issued an order appointing David Lick as the mediator. This order stated that the parties were responsible for contacting the mediator and for arranging a date and time for the session. If the parties failed to schedule or cooperate with the mediator in scheduling, the mediator was to advise the court and ADR coordinator. The ADR coordinator served this order on the parties via US mail. The file copy indicated that it was sent to David A. Williams and William S. Cook at their respective addresses.

On February 7, 2023, Lick sent an e-mail to counsel inquiring about the status of the case. The e-mail read:

> Do you want to schedule a mediation? If so I, I need payment for services rendered and the deposit from D Williams prior to proceeding. If we proceed please submit proposed dates for the ZOOM mediation. Thank you.

There is no indication that plaintiff's counsel responded to the e-mail or paid the fee. And, in the trial court and on appeal, plaintiff's counsel never substantiated with documentary evidence that he paid the fee for services rendered for the preliminary phone discussion regarding mediation that preceded the decision to have a full mediation.

On May 9, 2023, Lick sent another e-mail to the parties. In the subject line, it read:

> Deposit has not been made. What do you want to do about mediation?

---

issue was not waived by plaintiff. Further, we note that defendant filed additional exhibits on appeal that were not submitted in the lower court record. "This Court's review is limited to the record established by the trial court, and a party may not expand the record on appeal." *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 56; 649 NW2d 783 (2002); see MCR 7.210(A)(1) (identifying the contents of the record on appeal). We did not consider documentation not filed in the lower court record in deciding this appeal.

On March 13, 2023, defendant filed a motion to adjourn the April 17, 2023 trial date and to compel plaintiff to participate in facilitation. Addressing facilitation, defendant contended that the parties were ordered by the court to facilitate the case, and the court appointed Lick as the mediator. It was alleged that initial settlement discussions occurred with the mediator on October 12, 2022. As a result of those discussions, the parties agreed to participate in a "full facilitation" at a later date. An adjournment of the December 5, 2022 trial date occurred to allow the parties to complete facilitation before trial. But, plaintiff's counsel failed to cooperate with the scheduling and did not pay the fee, thereby preventing the mediator from scheduling the facilitation. Defendant sought to participate in facilitation in order to settle the case before trial. Plaintiff, however, was noncompliant in scheduling the proceeding. Therefore, defendant sought a court order requiring plaintiff's participation in facilitation, including paying the mediator's fees. In the motion, an employee of defense counsel's law firm certified "that on March 7, 2023, this document was served upon all attorneys of record by emailing the same to them."

In the narrative portion of his brief, plaintiff's counsel asserts that he did not refuse to participate in mediation. Rather, plaintiff's counsel claimed that plaintiff was engaged in additional treatment, and he sought to incorporate the treatment into the claim for recovery. But, when plaintiff's counsel sought information from plaintiff's doctor, the doctor wanted to complete a deposition. We note that the trial court ordered plaintiff to participate in ADR. When the parties did not identify a mediator, the trial court selected Lick. Lick contacted the parties about scheduling the mediation and noted that plaintiff's counsel needed to pay for services rendered and the fee. There is no indication that plaintiff's counsel moved to extend scheduling dates to account for a deposition necessary for mediation. And, there is no evidence that plaintiff's counsel responded to the mediator or paid the fee. Plaintiff's narrative statements on appeal that he did not refuse to participate in mediation do not have support in the lower court record. Therefore, the trial court did not abuse its discretion in compelling plaintiff to participate in mediation. *Grayling Twp*, 329 Mich App at 152.

Within the discussion of the issues, plaintiff contends that he was not properly served with defendant's motion to adjourn and compel and the motion to dismiss. But, plaintiff did not raise these issues in the statement of questions presented. When a party fails to include an argument in the statement of questions presented, it is not properly presented for appellate review. *Michigan's Adventure, Inc v Dalton Twp*, 290 Mich App 328, 337 n 3; 802 NW2d 353 (2010); see also MCR 7.212(C)(5) (identifying the contents of a brief to include "[a] statement of questions involved, stating concisely and without repetition the questions involved in the appeal."). Accordingly, we need not address this claim.

Nonetheless, MCR 2.107 addresses service of documents and provides in pertinent part:

(G) Notwithstanding any other provision of this rule, until further order of the Court, all service of process except for case initiation must be performed using electronic means (e-Filing where available, email, or fax, where available) to the greatest extent possible. Email transmission does not require agreement by the other party(s) but should otherwise comply as much as possible with the provisions of subsection (C)(4).

Although plaintiff's counsel asserted that he did not enter into a stipulation to allow for service through e-mail, MCR 2.107(G) allowed for electronic filing, including e-mail. Citing MCR 2.107(G), the trial court rejected plaintiff's challenge to service. Plaintiff does not address the trial court's ruling on this basis. When an appellant fails to challenge or dispute the basis of the trial court's ruling, the appellate court need not even consider granting the relief requested. *Redmond v Heller*, 332 Mich App 415, 449; 957 NW2d 357 (2020); *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 381; 689 NW2d 145 (2004). Accordingly, plaintiff failed to demonstrate entitlement to appellate relief.

Next, plaintiff contends that the trial court erred by deciding plaintiff's motion for reconsideration without holding a hearing. We disagree.

MCR 2.119(F) addresses motions for reconsideration and provides:

(F) Motions for Rehearing or Reconsideration.

(1) Unless another rule provides a different procedure for reconsideration of a decision (see, e.g., MCR 2.604[A], 2.612), a motion for rehearing or reconsideration of the decision on a motion must be served and filed not later than 21 days after entry of an order deciding the motion.

(2) No response to the motion may be filed, and there is no oral argument, unless the court otherwise directs.

(3) Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error.

Under MCR 2.119(F)(2), there is no hearing or oral argument on a motion for reconsideration unless the court otherwise directs. "In general trial courts in our state possess reasonable discretion regarding whether to hold hearings concerning the range of motions that typically come before them." *People v Franklin*, 500 Mich 92, 109; 894 NW2d 561 (2017) (citation omitted). Trial courts are best suited to determine whether a hearing should be held. See *Williams v Williams*, 214 Mich App 391, 399; 542 NW2d 892 (1995).

In light of the record, we cannot conclude that the trial court abused its discretion by failing to hold a hearing on the motion. Plaintiff's counsel alleged that he did not refuse to participate in mediation and that he did not receive notice of the motion to adjourn and compel and the motion to dismiss. But, plaintiff's counsel made his allegations in the narrative portion of his brief, he failed to provide an affidavit to that effect or present the affidavit of his assistant, and he failed to address the trial court's determination that MCR 2.107(G) did not require service of the motions

-5-

by mail and that e-mail was sufficient. Moreover, the trial court was in the best position to determine whether a hearing on the motion was necessary. *Williams*, 214 Mich App at 399. Under these circumstances, the trial court's decision to resolve the reconsideration motion without a hearing did not constitute an abuse of discretion.

Affirmed.

/s/ Michael J. Kelly
/s/ Anica Letica
/s/ Randy J. Wallace