*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MASON JAMES BAINBRIDGE,

        Plaintiff-Appellee,

v

AMANDA MARIE KENDALL-BAINBRIDGE,

        Defendant-Appellant.

UNPUBLISHED
February 07, 2025
12:16 PM

No. 369537
Berrien Circuit Court
LC No. 2023-002603-DO

Before: SWARTZLE, P.J., and K. F. KELLY and MURRAY, JJ.

PER CURIAM.

Defendant appeals by right the trial court's entry of a default judgment of divorce, which was entered after the trial court denied defendant's motion to set aside the default for failure to establish good cause. For the reasons set forth in this opinion, we affirm the court's order denying her motion to set aside the default, vacate the court's judgment of divorce, and remand for further proceedings consistent with this opinion.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Plaintiff and defendant were married in 2015. At the time plaintiff filed his complaint for divorce on October 31, 2023, the parties had no children. Plaintiff served the complaint on November 7, 2023. After defendant failed to respond to the complaint, plaintiff obtained a default on December 1, 2023.

Defendant moved to set aside the default on December 27, 2023. In her motion, defendant only stated:

> My husband and I had been in the middle of a domestic case while being served! I also had to go out to Minnesota to the Mayo Clinic due to medical reasons for a week. Through all the stress I completely lost track of the 21 days.

The trial court denied the motion, stating that she failed to establish good cause. After entry of the order, plaintiff sent notice of pro confesso hearing on January 9, 2024.

Defendant subsequently moved for reconsideration of the trial court's order, explaining in more detail that she was the victim of a domestic assault that occurred on October 3, 2023, which led to plaintiff pleading guilty to disturbing the peace on December 4, 2023. Defendant also argued that plaintiff's proposed judgment of divorce was inequitable, particularly in that it awarded plaintiff his 401(k) account, which included the balance of defendant's old 401(k) that she rolled into his.

After a hearing to address the motion for reconsideration and the pro confesso testimony, the court denied defendant's motion for reconsideration, concluding that it did not "abuse [its] discretion" when it denied the motion to set aside. The court also granted plaintiff the judgment of divorce, stating that its intent was to "split" the property. Thus, in the order that followed, the court ordered that the parties "work together to divide any remaining personal property" and to "immediately list and sell" the marital home. The parties were awarded "any bank accounts and their balances in their respective names," as well as "any pension, 401k or retirement plan in his or her name has [sic] his or her sole and separate property free and clear from any claim of the other." Plaintiff was awarded "the 2011 Chevrolet Suburban as his sole and separate property free and clear from any claim of the Defendant and agrees to hold the Defendant harmless for said debt." Likewise, defendant was awarded "the 2019 Toyota Tundra as her and separate property free and clear from any claim of the Plaintiff and agrees to hold the Plaintiff harmless for said debt." Concerning spousal support, the court ordered that "[n]either party is entitled to spousal support," which would be "forever barred" and "non-modifiable."

This appeal followed.

## II. STANDARDS OF REVIEW

This Court reviews a trial court's decision on a motion for entry of default and a motion to set aside default for abuse of discretion. *Barclay v Crown Bldg & Dev, Inc*, 241 Mich App 639, 642; 617 NW2d 373 (2000) (entry of default); *Tindle v Legend Health, PLLC*, 346 Mich App 468, 474; 12 NW3d 667 (2023) (motion to set aside default). In addition, this Court reviews for abuse of discretion a trial court's decision on a motion for reconsideration, *Frankenmuth Ins Co v Poll*, 311 Mich App 442, 445; 875 NW2d 250 (2015), as well as the court's decision to hold an evidentiary hearing. *Williams v Williams*, 214 Mich App 391, 399; 542 NW2d 892 (1995). "An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes." *Id*. (quotation marks and citation omitted). "The trial court necessarily abuses its discretion when it makes an error of law." *In re Nikooyi*, 341 Mich App 490, 494; 991 NW2d 619 (2022) (quotation marks and citation omitted).

The Court reviews the trial court's findings of fact concerning the division of marital property under the clearly erroneous standard. *Draggoo v Draggoo*, 223 Mich App 415, 429; 566 NW2d 642 (1997). "A finding is clearly erroneous if, after a review of the entire record, the reviewing court is left with the definite and firm conviction that a mistake has been made." *Id*. "If the trial court's findings are not clearly erroneous, we must determine whether the dispositional ruling was fair and equitable under the circumstances of the case." *Loutts v Loutts*, 298 Mich App 21, 26; 826 NW2d 152 (2012). The Court "must affirm the trial court's dispositional ruling unless we are convinced that it was inequitable." *Id*.

Issues of interpretation of court rules, like statutory interpretation, are reviewed de novo. *Wenkel v Farm Bureau Gen Ins Co of Mich*, 344 Mich App 376, 382-383; 1 NW3d 353 (2022). "Court rules should be interpreted to discern and give effect to the intent of the drafter, the Michigan Supreme Court." *Velocity MRS Fund IV v Nextgen Pain Assoc & Rehab*, 346 Mich App 42, 47; 11 NW3d 302 (2023). "We give the words contained in the rules their plain and ordinary meaning," and "[i]f the plain and ordinary meaning of the language is clear and unambiguous, then we enforce the language as written." *Id*.

## III. ANALYSIS

### A. MOTION TO SET ASIDE AND MOTION FOR RECONSIDERATION

Under MCR 2.108(A)(1), "[a] defendant must serve and file an answer or take other action permitted by law or these rules within 21 days after being served with the summons and a copy of the complaint in Michigan in the manner provided in MCR 2.105(A)(1)." There is no dispute that the complaint was served on defendant on November 7, 2023. Nor is there any dispute that on November 28, 2023, the day the response to the complaint was due, none was filed by defendant. Thus, on December 1, 2023, plaintiff was entitled to seek default for defendant's failure to respond. See MCR 2.603(A).

A party may seek to set aside default by filing a motion that demonstrates that the defaulted party had good cause and a meritorious defense. MCR 2.603(D)(1). The defaulted party must file the motion within 21 days of entry of default judgment or, if no judgment was yet entered, before entry of such judgment. MCR 2.603(D)(2). "We have explained that the 'good cause' and 'meritorious defense' requirements of MCR 2.603(D)(1) are analytically different concepts and that a party must show both in order to prevail on a motion to set aside a default judgment." *Tindle*, 346 Mich App at 475 (quotation marks and citations omitted). The defendant has the burden to demonstrate good cause and a meritorious defense in order to set aside the default. *Id*.

"The good cause requirement . . . may be satisfied by demonstrating a procedural irregularity or defect or a reasonable excuse for failing to comply with the requirements that led to the default judgment." *Bullington v Corbell*, 293 Mich App 549, 560-561; 809 NW2d 657 (2011). In this case, there were no procedural irregularities concerning plaintiff's service of the complaint; thus, defendant's ability to demonstrate good cause rests on whether she was able to show that she had a "reasonable excuse" for failing to respond.

In her motion to set aside, defendant provided two explanations for why she did not timely respond. First, she stated that she and plaintiff were involved in a "domestic case." And second, defendant explained that for approximately one week, she was out of state for health reasons. Neither excuse is sufficient to establish a reasonable excuse to fail to respond. Beginning with defendant's first claimed reason, that she was involved in a "domestic case," it is not obvious what she meant by that phrase. In hindsight it is clear that defendant meant to describe a "domestic violence" case, but from the point of view of the trial court, it just as easily could have interpreted the phrase to mean the divorce case presently before it. But even if the trial court could have interpreted the proper meaning at the time, it is nevertheless unclear from defendant's submission what aspects of the domestic violence case prevented her from responding to the complaint. Even after defendant explained the circumstances—that she was the victim of domestic violence that

occurred on October 3, 2023—such explanation still did not adequately explain *why* she could not respond, especially where the assault occurred two months before the answer was due. See *Baird v Baird*, 368 Mich 536, 539; 118 NW2d 427 (1962) (stating that a party who proceeds *in propria persona* is still held to the same standards as attorneys). Defendant's argument simply leaves it to the Court to connect the dots between her reason for failing to respond and its apparent justification.

Defendant's argument concerning her visit to the Mayo Clinic between November 13 and November 18, 2023, is similarly flawed. The complaint was filed on October 31, 2023, and the answer was due on November 21, 2023. See MCR 2.108(A)(1). Thus, defendant had 12 days before her trip to the Mayo Clinic and 3 days after to address the response to the complaint. While defendant's illness may have provided a reason for not being able to respond while she was preparing to go and returning, none of those potential justifications were provided by defendant in her motion to set aside default or her motion for reconsideration. In other words, defendant provided an arguably reasonable excuse for not being able to respond between November 13 and November 18, 2023, but did not do so for the remainder of the time she was not in the hospital. Again, defendant leaves it to the Court to rationalize the justifications without explicitly stating them herself. It could be that she was too sick before her trip, or too preoccupied with the thought of the trip to be able to respond. But none of those justifications were provided to the trial court or this Court, and it was not, therefore, an abuse of discretion for the court to deny the motion.

Defendant also makes passing argument in her brief that the trial court should have permitted her to explain her reasons in a hearing, and it was, therefore, error for the court to decide the motion without a hearing. Defendant has not provided this Court with any citation to authority or legal argument as to why the trial court was obligated to hold a hearing for defendant's motion to set aside default. "An appellant may not merely announce a position [and] then leave it to this Court to discover and rationalize the basis for the appellant's claims; nor may an appellant give an issue only cursory treatment with little or no citation of authority. Further, this Court will not search for authority to sustain or reject a party's position." *Cheesman v Williams*, 311 Mich App 147, 161; 874 NW2d 385 (2015) (quotation marks, brackets, and citations omitted).

To the extent defendant bases her arguments on issues first raised in her motion for reconsideration, such as the facts and circumstances of the "domestic [violence] case," those arguments have been waived by failing to properly preserve them. See *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 289; ___ NW3d ___ (2023). Similarly, defendant's argument that the trial court employed the wrong standard when deciding the motion for reconsideration—abuse of discretion as opposed to palpable error—is likewise waived by failing to first raise the issue with the trial court. Moreover, and even though defendant is correct that the court used the wrong standard, she cannot show that had the court used the palpable error standard, she would have obtained a different outcome. See MCR 2.613(A) ("An error in the admission or the exclusion of evidence, an error in a ruling or order, or an error or defect in anything done or omitted by the court or by the parties is not ground for . . . disturbing a judgment or order, unless refusal to take this action appears to the court inconsistent with substantial justice."). Defendant's motion for reconsideration reiterated what she already told the court in her motion to set aside, namely that she was out of the state for health reasons for approximately one week and was dealing with a "domestic case" with her husband. While

defendant certainly added more detail to these circumstances in her motion for reconsideration, these were issues that had already been ruled on by the court. See MCR 2.119(F)(3).

In sum, the trial court did not abuse its discretion when it denied defendant's motion to set aside default or when it denied her motion for reconsideration of the same.

## B. DIVISION OF ASSETS

Since Michigan adopted no-fault divorce in 1971, "it has been the law that a marriage will only be recognized if two parties agree, but a divorce will be granted upon the request of only one of the original marrying parties . . . ." *Draggoo*, 223 Mich App at 424. Moreover, "[a]llowing a defaulted party to participate in the adjudication of the property division in a divorce case would effectively undermine the court's inherent authority to enforce its own directives and to mold its relief according to the character of the case." *Id*. at 428 (quotation marks and citation omitted; brackets omitted). In circumstances where the defaulted party is not permitted to participate in the proceedings, "the trial court [is] still required to equitably divide the marital property and to make findings of fact to support that decision." *Koy v Koy*, 274 Mich App 653, 659-660; 735 NW2d 665 (2007).

On appeal, defendant principally takes issue with the manner in which the trial court divided the parties' retirement accounts. In defendant's filing responding to the notice of pro confesso, defendant asserted that it would be inequitable to award plaintiff the 401(k) account in his name because defendant had rolled her 401(k) account into his account during the marriage. While defendant did not provide any independent evidence of this having occurred, she did raise the issue with the trial court. For its part, the court expressed its desire to "split" the retirement accounts, but did not address defendant's assertion that if the accounts were simply awarded by ownership in name, she would lose her contribution to his account. It appears, therefore, that the trial court's order did not comport with its stated intent and, moreover, was not equitable to the extent the balance of defendant's 401(k) was in plaintiff's name. See *Loutts*, 298 Mich App at 26.

More generally, however, the trial court's division of other assets was inequitable. The default judgment of divorce states that spousal support is "forever barred" and "non-modifiable." However, the right of a party to seek modifications to spousal support is statutory and cannot be waived without "clearly expressing in a settlement their intent to render a spousal support award final, binding, and nonmodifiable." *Smith v Smith*, 328 Mich App 279, 283-284; 936 NW2d 716 (2019). In *Koy*, for example, we vacated the trial court's default judgment of divorce that specified that the issue of spousal support was nonmodifiable. *Koy*, 274 Mich App at 661-662. The Court explained:

> An award of spousal support is subject to modification on a showing of changed circumstances. Plaintiff contends that there is no legal error in the spousal support award because, under *Gates v Gates*, 256 Mich App 420, 433–434; 664 NW2d 231 (2003), the spousal-support provision in a divorce judgment should be construed as modifiable even if it does not appear so on its face. However, while *Gates* indicates that an award of spousal support need not specify that it is modifiable, the award in this case improperly states that it is "non-modifiable." On remand, therefore, the trial court shall modify the divorce judgment to remove the provision specifying

that the spousal support award cannot be modified. [*Koy*, 274 Mich App at 661-662.]

Similarly here, defendant never expressed a clear intent to waive her right to seek to modify spousal support, as the entry of that provision was done through default judgment. As in *Koy*, therefore, we vacate and remand with directions that the trial court remove this provision from the judgment of divorce. The trial court also awarded plaintiff the 2011 Chevrolet Suburban, which defendant argued was fully paid off, while she received the 2019 Toyota Tundra, which still had a balance on its loan. While it may be that the value of the 2011 Chevrolet, without a loan, is similar to the 2019 Toyota Tundra with a loan, there was no testimony regarding the relative value of the vehicles or the balance on the loan under which the trial court could have equitably divided the assets.

In sum, the trial court's division of the retirement account, its award of the vehicles, and its order that spousal support be nonmodifiable were all unequitable under the circumstances. Accordingly, we vacate the judgment of divorce and remand for further proceedings.

Affirmed in part, vacated in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. No costs are awarded, neither party having prevailed in full. MCR 7.219(A).

/s/ Brock A. Swartzle
/s/ Kirsten Frank Kelly
/s/ Christopher M. Murray