BURR v. BURR.

1. DIVORCE—DRUNKENNESS—EXTREME CRUELTY—EVIDENCE.
   In husband's suit for divorce on grounds of drunkenness and extreme cruelty of defendant wife, evidence justified decree for plaintiff.

2. SAME—HABITUAL DRUNKARDS.
   A spouse who has the habit of indulging in intoxicating liquors so firmly fixed as to become intoxicated as often as the temptation is presented by her being in the vicinity where liquors are sold is an habitual drunkard within the meaning of the divorce laws.

3. SAME—DIVISION OF PROPERTY.

Equal division of real and personal property between plaintiff husband, a physician, and defendant wife, where divorce is granted because of latter's drunkenness and extreme cruelty, *held,* proper in suit brought after parties had been married, over 25 years.

4. SAME—ALIMONY.

Award of $150 per month permanent alimony to wife upon granting husband divorce because of wife's drunkenness and extreme cruelty is not disturbed on appeal, power being in circuit court to increase same, if it should be under subsequent conditions.

5. SAME—COSTS.

No costs are awarded husband upon affirmance of decree upon wife's appeal.

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted April 4, 1944. (Docket No. 3, Calendar No. 42,602.) Decided May 17, 1944.

Bill by George Burr against Clarissa Burr for divorce for extreme cruelty and habitual drunkenness. Cross bill by defendant against plaintiff for cruelty. Decree for plaintiff. Defendant appeals. Affirmed.

*Bishop & Bishop,* for plaintiff.

*Wm. Henry Gallagher,* for defendant.

WIEST, J. This is a divorce case in which the circuit court granted plaintiff a decree on the grounds of drunkenness and extreme cruelty of defendant, dismissed her cross bill, divided the real estate and personal property equally between the parties, allowed defendant an attorney fee of $500 and $150 per month permanent alimony. Defendant appeals, claiming the court erred in adjudging her guilty under plaintiff's charges and, under her

cross bill and proofs, plaintiff was guilty of extreme cruelty and she should have been granted the divorce with a larger share of the real estate and personal property and more permanent alimony. The parties were married in September, 1917, and have a daughter now of mature years and married.

The record has been read with care and the proofs fully sustain the findings of the court.

Defendant claims she was subject to severe migraine headaches, that aspirin would relieve her but she could not take it except in beer and, therefore, kept a supply of beer on hand. She also claims that when she did not partake of cocktails at dinners attended by herself and her husband he complained she was a "wet blanket" and, therefore, she partook of cocktails and entered into the hilarity of dinners. This habit of taking liquors grew on defendant until she was habitually intoxicated, not only in the home but on occasions when she accompanied her husband to various social gatherings. For instance, on one occasion, plaintiff planned a dinner and theater party for some guests. Defendant was acquainted with the time and place and was to be there. She did not appear until she had been waited for for a long time and when she did come from attending the races she was so intoxicated she had to be led to the table and very soon had to leave and be led to the ladies' rest room where she vomited.

What we said in *Magahay* v. *Magahay*, 35 Mich. 210, applies here:

"We think the evidence in this case shows that the defendant has the habit of indulging in intoxicating liquors so firmly fixed that he becomes intoxicated as often as the temptation is presented by his being in the vicinity where liquors are sold. He either makes no vigorous effort to resist and overcome the habit, or his will has become so enfeebled

by indulgence that resistance is impossible. We are therefore of opinion that he is, within the meaning of the divorce laws, an habitual drunkard.''

It would be of no benefit to make an extended recital of the various acts of intoxication of defendant:

Plaintiff was a physician and surgeon, specializing in diseases of the genito-urinary system and neurology, and had a fair practice. Defendant's intoxication in public was extremely humiliating to him.

We think the court made a proper division of the property rights, real and personal, and we are not inclined under the circumstances of the case to disturb the allowance of permanent alimony. If the allowance for permanent alimony, under subsequent conditions, should be increased the circuit court has power in the premises.

The decree of divorce is affirmed, without cost.

NORTH, C. J., and STARR, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.