BURR v. BURR.

1. DIVORCE—PERMANENT ALIMONY—SUBSEQUENT INCREASE OR DE-
CREASE.

The court before whom divorce proceedings are tried not only
has the power to grant permanent alimony but upon proper
showing the power to increase or decrease the amount of ali-
mony awarded (3 Comp. Laws 1929, §§ 12745, 12748).

2. SAME—PURPOSE AND SCOPE OF ALIMONY.

Alimony may be awarded if the estate and effects awarded to
the wife shall be insufficient for the suitable support and main-
tenance of herself and such children of the marriage as shall
be committed to her care and custody (3 Comp. Laws 1929,
§ 12745).

3. SAME—ALIMONY—INCIDENT OF MARRIAGE—HUSBAND'S DUTY TO
SUPPORT.

Alimony is an incident of marriage and is based on the under-
lying principle that it is the duty of the husband to support
his wife, not necessarily to endow her (3 Comp. Laws 1929,
§ 12745).

4. SAME—INCREASE OF HUSBAND'S INCOME—ALIMONY—CHANGE OF
WIFE'S NEEDS—EVIDENCE.

Where it appears that at time original decree of divorce was
awarded husband he was amply able to pay alimony in ex-
cess of the $150 a month ordered, since award of alimony
is based on the determination that it was sufficient for the
suitable support and maintenance of the wife having in mind
the ability of the husband, the character and situation of the
parties and all the other circumstances of the case, where the
"other circumstances" are not at all favorable to the divorced
wife who showed no change in her needs, merely showing a
substantial increase in the husband's income was not suf-
ficient to warrant an increase of alimony (3 Comp. Laws 1929,
§§ 12745, 12748).

5. SAME—MODIFICATION OF DECREE—DISCRETION OF COURT.
   The power of a court of equity to modify its decree of divorce is based upon the exercise of judicial discretion, which should not be interfered with on appeal unless it has been abused.

6. SAME—MODIFICATION OF DECREE—RECORD—AFFIRMANCE WITHOUT PREJUDICE.
   Where decree refusing to modify award of permanent alimony is supported by record, affirmance thereof is without prejudice to jurisdiction of trial court to hear and determine future applications by either party for modification of the provision for permanent alimony.

7. SAME—COSTS.
   No costs are allowed on affirmance of decree denying wife's petition to increase permanent alimony because of substantial increase in husband's income.

Appeal from Wayne; Ferguson (Frank B.), J. Submitted October 3, 1945. (Docket No. 12, Calendar No. 43,115.) Decided January 7, 1946.

Divorce proceedings by George Burr against Clarissa Burr. Petition by Clarissa Burr for amendment of decree of divorce. Petition denied. Affirmed.

*Bishop & Bishop,* for plaintiff.

*Wm. Henry Gallagher,* for defendant.

NORTH, J.   This is an appeal from denial in the circuit court of the petition by the defendant wife for modification of a decree of divorce which would increase the amount of alimony therein provided. The suit for divorce was instituted by the husband. The wife answered and filed a cross bill. The decree granted to the husband awarded permanent alimony to the wife of $150 per month. On an appeal to this Court by the wife in which she asserted the decree of divorce should have been given to her and alimony

awarded in a larger amount, she was denied relief and the decree entered in the trial court affirmed. See *Burr* v. *Burr*, 308 Mich. 590. By decree entered in the main case the wife was not only awarded permanent alimony of $150 per month, but she also received a substantial amount of money in consequence of the provision in the decree that the real and personal property of the parties should be equally divided between them. In her present petition the claim of the wife that the amount of the permanent alimony should be increased is based solely on a showing that her divorced husband, a physician, at the present time has an income substantially in excess of the amount of his income at the time the case was heard in the circuit court. There is no showing in the present proceedings that conditions with which the wife is confronted have changed or that the award of $150 per month is not adequate to meet her needs.

There is no occasion for repeating herein that the court in the divorce proceedings not only has the power to grant permanent alimony, but also has the power upon proper showing to increase or decrease the amount of alimony awarded. See 3 Comp. Laws 1929, §§ 12745, 12748 (Stat. Ann. §§ 25.103, 25.106). The section first above cited clearly indicated the purpose and the proper scope of awarding alimony by providing therein that alimony may be awarded: "if the estate and effects awarded to the wife shall be insufficient for the suitable support and maintenance of herself and such children of the marriage as shall be committed to her care and custody." In the instant case the care or custody of children is not involved; but only the needs of the divorced wife "for suitable support and maintenance."

"Alimony * * * is an incident of marriage, and based on the underlying principle that it is the

duty of the husband to support his wife, not necessarily to endow her." *Bialy* v. *Bialy,* 167 Mich. 559, 565 (Ann. Cas. 1913 A, 800).

The record in the original case both before the trial court and upon appeal before this Court disclosed that the husband's earnings were such that he was amply able at that time to pay permanent alimony, if so ordered, substantially in excess of the $150 per month provided in the decree. Hence it must be concluded that the amount awarded was based upon the determination that it was sufficient "for the suitable support and maintenance" of the wife, the court having in mind, as provided by the statute (3 Comp. Laws 1929, § 12745 [Stat. Ann. § 25.103]), "regard to the ability of the husband and the character and situation of the parties, and all the other circumstances of the case." It is proper to note that "the other circumstances of the case" in the instant proceedings are not at all favorable to this divorced wife, as appears from our decision on the original appeal reported in 308 Mich. 590. The showing of a somewhat substantial increase in the husband's income is not sufficient ground in the instant case for modifying the provision for permanent alimony in the original decree. Especially is this true since no showing is made in the instant proceedings of a change in the needs of petitioner or the circumstances with which she is surrounded.

In *Schuch* v. *Schuch,* 299 Mich. 539, we affirmed the denial of a wife's petition for an increase of alimony, and therein quoted from *Barry* v. *Barry,* 291 Mich. 666, the following:

"The power of the equity court to modify its decree is based upon the exercise of judicial discretion, which should not be interfered with on appeal unless it has been abused."

Under the record in the instant case it must be held that the trial court properly refused to modify the decretal award of permanent alimony. In so doing there was no abuse of judicial discretion. Our decision herein is without prejudice to the jurisdiction of the trial court to hear and determine future applications by either of the litigants for modification of the provision for permanent alimony.

Dismissal of the petition is affirmed; but no costs will be allowed.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, REID, and STARR, JJ., concurred.