## YOUNG *v.* DAVID YOUNG.

1. FRAUD—DECREE—EQUITY.
   Equity may relieve against fraud by setting aside a decree that has been obtained as the result thereof.

2. SAME—DECREE—EQUITY.
   The fraud which will justify a court of equity in setting aside a decree obtained as a result thereof must relate to material facts.

3. DIVORCE—FRAUD—SETTING ASIDE DECREE—PLEADING.
   The mere allegation in a motion and supporting affidavit in proceedings to set aside decree alleged to have been based on fraud that defendant in suit for divorce had assets he did not disclose to the court was insufficient to charge the commission of fraud in a material respect, where there was no assertion that the facts as to defendant's obligations and property interests were not gone into fully on the trial and the averment as to fraud on defendant's part was not supported by allegations of fact; hence, trial judge did not abuse his discretion in refusing to proceed to a hearing on the motion to set aside the decree.

4. SAME—REHEARING TO SET ASIDE DECREE—ADVANCEMENT OF EFFECTIVE DATE OF DECREE.
   The correctness of order, denying motion for rehearing of order denying decree for claimed fraud of defendant in divorce suit, entered July 10, 1953, would not be affected by error, if any, in entry of order making decree of divorce effective in less than 6 months from entry of decree because motion to effect such result had not been served personally upon plaintiff.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 31 Am Jur, Judgments § 653.
[3] 17 Am Jur, Divorce and Separation § 469.

Appeal from Wayne; Murphy (George B.), J. Submitted April 6, 1955. (Docket No. 23, Calendar No. 46,280.)  Decided June 6, 1955.

Following divorce decree, plaintiff Mary Young moved to set aside decree because of alleged fraud on the part of defendant David Young in representations concerning property matters. Motion denied. Plaintiff appeals. Affirmed.

*Bartholomew & Colombo,* for plaintiff.

*Arthur C. Lumley,* for defendant.

CARR, C. J. The parties to this case were divorced November 14, 1951. The decree entered determined their property interests, provided for the custody of an adopted child, and required defendant to make regular payments for the maintenance and education of said child. It appears from the record before us that the obligations so imposed on defendant have been observed by him.

In accordance with the provisions of CL 1948, § 552.9 (Stat Ann 1951 Cum Supp § 25.89), and Michigan Court Rule No 51, § 6, as adopted in 1947, the decree entered was interlocutory in form, providing that it should become effective 6 months from and after the date of entry unless otherwise ordered by the court. On February 26, 1952, it was amended in such manner as to render it operative on that date. Defendant's motion for the amendment was served on counsel who had represented plaintiff in the case, and who subsequently notified her of the action taken, but the notice of hearing was not served on her personally. It does not appear that any change was made in the decree as originally entered, except with reference to its effective date.

On August 29, 1952, motion was made on behalf of plaintiff to set aside the decree of divorce. However, counsel presenting such motion had not obtained a substitution from the then attorney of record in the cause, and for that reason an order of dismissal was entered. Subsequently, a substitution was procured, and the motion to set aside the decree was renewed, and again denied. Thereupon plaintiff asked for a rehearing, which request was denied by order of the court entered July 10, 1953, on the ground that the claims of plaintiff as set forth in her motion were without merit. Plaintiff has appealed from said order.

The motion to set aside the decree entered on November 14, 1951, asserted that defendant had failed on the trial of the case to disclose "hidden assets," that such failure constituted a fraud on the court, and that he was also guilty of fraud in that he claimed indebtedness, aggregating $22,000, owing to certain relatives. Neither the motion nor the supporting affidavit of the plaintiff specified the nature or extent of the hidden assets, nor does it appear that, if there were such, plaintiff was unaware at the time of the trial of their existence. Reference is made in the affidavit to "records of 2 probate estates," but without explanation on the part of plaintiff as to the actual facts indicating the ownership of property by defendant which he failed to disclose to the court. Whether he was interrogated with reference to any such assets does not appear. The record does disclose, however, that the property interests of the parties were gone into in detail on an extended hearing before a referee, and inferentially on the subsequent trial before the court.

This Court has recognized in prior decisions that equity may relieve against fraud by setting aside a decree that has been obtained as the result thereof. *Lantinga* v. *Lantinga,* 318 Mich 78; *Berg* v. *Berg,*

336 Mich 284; *Allen* v. *Allen,* 341 Mich 543. However, such fraud must relate to material facts. The assertion made in plaintiff's motion that defendant had assets that he did not disclose to the court was insufficient to charge the commission of fraud in a material respect.

Plaintiff's claim, as set forth in her motion and supporting affidavit, with reference to defendant's testimony as to debts apparently rested on the assertion that some 2 months or more prior to giving the testimony he had made statements indicating that he did not owe such obligations. It is a fair conclusion from the record before us that the financial interests of the plaintiff and defendant were to a certain extent involved in the business transactions of a partnership of which each was a member. In discussing the situation, the trial court said:

"In the opinion of the court there is nothing in the present motion to set aside the decree that is new or different from the claims made by the plaintiff during the pendency of the case and on the trial of the matter.

"This cause was referred to Archibald Brighton of the friend of the court's office who acted as a referee. Eighteen days were devoted to the taking of testimony according to the attorneys, most of which concerned property rights. Although the court does not have a transcript of that record it is obvious that Mr. Brighton had before him the friend of the court file with the claimed inconsistent statements relative to debts. He filed his findings of fact and made his recommendations in which he held that most of the debts were actual debts of the cocktail bar. After the friend of the court filed its [his] report the matter was tried and approximately 12 more days were devoted to the 2 matters. The record will show that the same claim about the debts was fully gone into during the trial and the court made its adjudication thereon."

We think the conclusion of the circuit judge was fully justified. The motion and the affidavit of plaintiff, filed in support thereof, do not assert that the facts as to defendant's obligations and property interests were not gone into fully on the trial. The averment as to fraud on defendant's part, not supported by allegations of fact, was insufficient to afford jurisdiction to the court to proceed to a hearing. The trial judge did not abuse his discretion in refusing to do so.

Plaintiff's claim that the amended decree entered February 26, 1952, was invalid because notice of the hearing of the motion was not served on her personally does not require extended discussion. As before noted, the change made by the amendment to the original decree concerned merely the effective date thereof. If plaintiff was entitled to have the motion and notice of hearing personally served on her on the theory that she was not at the time represented by counsel, the validity of the decree of November 14, 1951, was not affected by the attempted amendment. If plaintiff's contention is correct, it follows that the decree actually went into effect 6 months after its date, instead of on February 26, 1952. However, if such was the fact the correctness of the order from which plaintiff has appealed in the instant proceedings is not thereby affected.

The order of the trial court is affirmed, with costs to appellee.

BUTZEL, SMITH, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.