RAPAPORT v RAPAPORT

Docket No. 106992. Submitted February 15, 1990, at Lansing. Decided August 7, 1990.

Phyllis Rapaport sought and obtained a divorce from Raymond N. Rapaport in Oakland Circuit Court and was awarded alimony. Upon plaintiff's motion, the court ordered an increase in alimony but in an amount which was less than that requested by plaintiff. Plaintiff filed a motion for relief from the order increasing alimony alleging fraud and misrepresentation on defendant's part in connection with financial statements he submitted when opposing plaintiff's motion for an increase in alimony. Defendant filed a motion to dismiss plaintiff's motion for relief from the order increasing alimony. The court, Robert L. Templin, J., without conducting a full evidentiary hearing on plaintiff's allegations of fraud, misrepresentation and other misconduct by defendant, granted defendant's motion. In granting defendant's motion, the court ruled that plaintiff had failed to comply with MCR 2.112(B)(1) by not stating with particularity the circumstances constituting fraud by defendant. Plaintiff appealed.

The Court of Appeals *held:*

1. The requirements of MCR 2.112(B)(1), which apply to pleadings, do not apply to motions such as that brought by plaintiff. The trial court therefore erred in determining that plaintiff failed to comply with MCR 2.112(B)(1) in setting forth allegations of fraud and misrepresentation by defendant.

2. A trial court, when presented with a motion to set aside a prior order on the basis that the order was secured by the fraud or misrepresentation of the opposing party, abuses its discretion when it decides the motion without first conducting an evidentiary hearing on the allegations of fraud or misrepresentation.

Reversed and remanded.

MICHAEL J. KELLY, P.J., concurred separately to emphasize

REFERENCES

Am Jur 2d, Fraud and Deceit § 144 et seq.
Am Jur 2d, Motions § 22 et seq.
See the Index to Annotations under Fraud and Deceit, Motions.

the requirement of an evidentiary hearing when a motion to set aside an order is brought on the basis of fraud or misrepresentation. Judge KELLY repudiates the decision in *Michigan Bank-Midwest v D J Reynaert, Inc,* 165 Mich App 630 (1988), to the extent that it set forth an exception to this requirement.

1. MOTIONS AND ORDERS — SETTING ASIDE PRIOR ORDER — FRAUD OR MISREPRESENTATION — COURT RULES.

A motion to set aside a prior order of a trial court on the basis that the order was secured by the fraud or misrepresentation of the opposing party, unlike a pleading in which fraud is alleged, is not subject to the requirement that the circumstances constituting fraud must be stated with particularity (MCR 2.112[B][1], 2.612[C][1][c]).

2. MOTIONS AND ORDERS — SETTING ASIDE PRIOR ORDER — FRAUD OR MISREPRESENTATION — EVIDENTIARY HEARING.

A trial court, when presented with a motion to set aside a prior order on the basis that the order was secured by the fraud or misrepresentation of the opposing party, abuses its discretion when it decides the motion without first conducting an evidentiary hearing on the allegations of fraud or misrepresentation (MCR 2.612[C][1][c]).

*Peralta, Johnston & Karam* (by *Kenneth H. Karam*), and Phyllis Rapaport, in propria persona, for plaintiff.

*Schlussel, Lifton, Simon, Rands, Galvin & Jackier* (by *Elwood S. Simon* and *Evelyn G. Butler*), and *Booth, Patterson, Lee, Karlstrom & Steckling* (by *Parvin Lee, Jr.*), for defendant.

Before: MICHAEL J. KELLY, P.J., and WAHLS and SAWYER, JJ.

PER CURIAM. Plaintiff, Phyllis Rapaport, appeals as of right from a January 13, 1988, Oakland Circuit Court order dismissing plaintiff's May 9, 1986, motion pursuant to MCR 2.612(C)(1)(c) for relief from an August 1, 1985, Oakland Circuit Court order modifying the alimony provisions of a judgment of divorce. We reverse and remand for proceedings consistent with this opinion.

This is the fourth time that this divorce case has been before this Court. After a judgment of divorce was entered May 2, 1973, this Court, among other things, amended the property settlement provisions of the judgment of divorce. *Rapaport v Rapaport,* unpublished opinion per curiam of the Court of Appeals, decided December 17, 1974 (Docket No. 17438). In 1982, this Court affirmed the trial court's orders related to denial of plaintiff's and defendant's cross-motions for modification of the alimony provisions. *Rapaport v Rapaport,* unpublished opinion per curiam of the Court of Appeals, decided August 18, 1982 (Docket No. 54927). In 1987, this Court reversed the trial court's October 16, 1985, order denying plaintiff's request for defendant's tax returns. *Rapaport v Rapaport,* 158 Mich App 741; 405 NW2d 165 (1987), modified 429 Mich 876; 415 NW2d 864 (1987). We ordered defendant to produce his tax returns, and ordered the trial court to conduct a new hearing after which the trial court's August 1, 1985, order modifying alimony would be reconsidered. *Rapaport, supra,* p 751. The order increasing alimony by $100 per week was affirmed pending the outcome of the hearing. *Id.* The Supreme Court subsequently modified our opinion "so as to delete the requirement that the defendant disclose his income tax returns to the plaintiff and that there be a reconsideration of the alimony issue. See *Burr v Burr,* 313 Mich 330 [21 NW2d 150] (1946)." *Rapaport v Rapaport,* 429 Mich 876. This Court must now resolve this latest appeal.

On December 23, 1983, plaintiff filed a motion to increase her alimony from $400 per week to $800 per week. On September 27, 1984, the trial court denied defendant's motion for accelerated judgment in which defendant argued that the court lacked personal jurisdiction over him because he

claimed to be living on a boat moored outside of
United States territorial waters. (This Court af-
firmed that order in *Rapaport,* 158 Mich App 741.)
Hearings on plaintiff's motion were held on De-
cember 12 and 13, 1984. Defendant did not appear
for those hearings. Nevertheless, defendant's attor-
ney conducted an extensive cross-examination of
plaintiff regarding financial documents which de-
fendant provided to plaintiff pursuant to court
order. Defendant's attorney also argued to the
trial court that defendant's income had actually
decreased since 1974, rather than increased as
plaintiff alleged. Following the hearings, the trial
court found that plaintiff's financial condition had
worsened, but only to the extent that she was
entitled to an increase of $100 per week. The trial
court did not discuss defendant's financial re-
sources. An order consistent with those findings
was entered on August 1, 1985.

As previously stated, this Court affirmed the
August 1, 1985, order increasing alimony. *Rapa-
port,* 158 Mich App 751. While affirming that
order, this Court expressly declined to consider
"additional motions [filed by plaintiff on May 9,
1986] alleging fraud and misrepresentation on the
part of the defendant" with respect to that order.
*Id.* Specifically, plaintiff alleged that documents
produced by defendant and relied on for his "de-
fense" of plaintiff's motion to increase alimony
were false or misleading as to defendant's finances.
Plaintiff therefore requested relief from the result-
ing order "pursuant to MCR 2.612(C)(1)(c) . . .
based on fraud (intrinsic or extrinsic), misrepresen-
tation, or other misconduct of an adverse party."
Plaintiff submitted a number of documents tending
to support the allegations in the motion. Defen-
dant thereafter filed a motion requesting the trial
court to dismiss plaintiff's motion for not stating

the allegations of fraud with particularity as required by MCR 2.112(B)(1). Although plaintiff's response to defendant's motion alleged and documented the misrepresentations more specifically, the trial court granted defendant's motion.

We have set out the procedural history of the present appeal in order to reveal what we believe was a fundamental error by defendant which resulted in the trial court's decision. Plaintiff's motion was filed pursuant to MCR 2.612(C)(1)(c) within one year of the trial court's order. See MCR 2.612(C)(2). It was not an independent action under MCR 2.612(C)(3). It was a motion. As such, plaintiff was not required to comply with the strict *pleading* requirements of MCR 2.112(B)(1). See MCR 2.110(A) (definition of "pleading"). Instead, plaintiff's *motion* was governed by MCR 2.119. See also MCR 2.113(A) (form, captioning, signing, and verifying of motions). We therefore distinguish this Court's decision in *MacArthur v Miltich,* 110 Mich App 389, 390-391; 313 NW2d 297 (1981), where the plaintiff was required to bring an independent action because she was seeking relief from a final judgment rendered five years earlier.

MCR 2.119(E)(1) provides that contested motions *should* be noticed for hearing. When all of the facts necessary to decide the motion are not of record the court has discretion to hear the motion on affidavits, or it may direct that the motion be heard on oral testimony or deposition. MCR 2.119(E)(2). Furthermore, where a party alleges that a fraud has been committed on the court, it is generally an abuse of discretion for the court to decide the motion without first conducting an evidentiary hearing into the allegations. *Michigan Bank-Midwest v D J Reynaert, Inc,* 165 Mich App 630, 643; 419 NW2d 439 (1988); *St Clair Commercial & Savings Bank v Macauley,* 66 Mich App

210, 214-215; 238 NW2d 806 (1975), lv den 396 NW2d 864 (1976).

In the present case, plaintiff's motion for relief from the August 1, 1985, order and plaintiff's response to defendant's motion presented to the trial court significant, specific allegations of misrepresentation of material facts in documents provided by defendant pursuant to court order. Plaintiff attached a number of documents tending to support the allegations of misrepresentation. Since defendant did not appear for the hearings on which the August 1, 1985, order was based, the subject matter of the alleged misrepresentations, i.e., defendant's financial status, was not gone into fully. We therefore distinguish the Supreme Court's decision in *Young v David Young,* 342 Mich 505, 507; 70 NW2d 730 (1955), where the Court noted that the plaintiff did not specify the nature or extent of the defendant's alleged misrepresentations and the defendant's financial status was explored fully at trial.

There is an additional basis for distinguishing *Young.* In *Young,* the Court noted that a motion for relief from judgment was an appeal to the equity jurisdiction of the trial court. *Young, supra,* p 507. The allegations of the plaintiff's pleadings, however, did not show that a fraud had been committed. Therefore, the Court held that the "averment as to fraud on defendant's part, not supported by allegations of fact, was insufficient to afford jurisdiction to the court to proceed to a hearing." *Young, supra,* p 509. By comparison, the present court rules provide for a motion for relief from an order within one year after entry of the order, and for a hearing on all contested motions in the discretion of the court.

We conclude that the trial court erred when it dismissed plaintiff's motion under the standard set

forth in MCR 2.112(B)(1) for pleadings. Further, the trial court abused its discretion when it denied plaintiff's motion for relief from the August 1, 1985, order without first holding a full evidentiary hearing on plaintiff's allegations of fraud, misrepresentation, and other misconduct by defendant with respect to that order.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

MICHAEL J. KELLY, P.J. *(concurring)*. I fully concur in the per curiam opinion. I write only to emphasize my agreement with the ruling in *St Clair Commercial & Savings Bank v Macauley*, 66 Mich App 210; 238 NW2d 806 (1975), lv den 396 NW2d 864 (1976), on the requirement for the trial court to conduct an evidentiary hearing to determine whether allegations of fraud and misrepresentation are meritorious. To the extent that *Michigan Bank-Midwest v D J Reynaert, Inc,* 165 Mich App 630, 643; 419 NW2d 439 (1988), dilutes that rule, I think it was wrongly decided. The panel in *Reynaert* finessed an exception to the rule of *St Clair Commercial & Savings Bank* when it condoned the trial court's refusal to conduct an evidentiary hearing to resolve a contested question of fraud. Its stated reason, "we do not conclude that the court erred by not holding an evidentiary hearing on this issue because, as we indicated earlier, the trial judge would have been absolutely correct in denying the motion to intervene on the basis that the amendment to the memorandum opinion extinguished any rights of the intervenors" is illogical and can only be interpreted as a harmless error rationale. This undermines the clear ruling of *St Clair Commercial* and should be repudiated.