# Syllabus

Chief Justice:
Stephen J. Markman

Justices:
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen
Kurtis T. Wilder

This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.

Reporter of Decisions:
Kathryn L. Loomis

## PEOPLE v FRANKLIN

Docket No. 152840. Argued on application for leave to appeal January 12, 2017. Decided May 12, 2017.

Darius L. Franklin was charged in the Wayne Circuit Court with possession with intent to deliver marijuana, MCL 333.7401(2)(d)(*iii*), carrying a firearm during the commission of a felony, MCL 750.224f, and being a felon in possession of a firearm, MCL 750.227b(1). The charges against defendant arose after police officers found a handgun and 350 grams of marijuana in defendant's home during the execution of a search warrant. The search warrant was issued on the basis of an affidavit stating that the affiant, a police officer, received information from an unregistered confidential informant (CI) that significant drug trafficking was taking place at defendant's home. According to the affiant's sworn affidavit, he surveilled defendant's home and observed five unknown individuals approach the home within a 30-minute time span. The affiant further averred that a young man let the individuals into defendant's home and that each individual was inside defendant's home for less than one minute. The magistrate found that there was probable cause to believe that illegal drugs would be found in defendant's home and issued the search warrant. Before trial, defendant moved to quash the search warrant and for a hearing under *Franks v Delaware*, 438 US 154 (1978), to challenge the veracity of the affidavit on which the warrant was based. The court, Bruce U. Morrow, J., denied defendant's motion to quash the warrant, concluding that the information in the affidavit, if taken as true, supported the magistrate's finding of probable cause. Notwithstanding this conclusion, the court expressed concern regarding the veracity of the information provided to the affiant by the unregistered CI and granted defendant's motion for a *Franks* hearing. Ultimately the court found the information in the affidavit not credible and the affidavit insufficient to support the warrant. According to the court, the affiant acted with reckless disregard for the truth by including an unregistered CI's information in the affidavit without confirming or corroborating it and without providing evidence, in accordance with MCL 780.653, that the CI had personal knowledge of the information given to the affiant. The court granted defendant's motion to suppress and dismissed all charges against defendant. The prosecution appealed, and the Court of Appeals, FORT HOOD, P.J., and CAVANAGH and K. F. KELLY, JJ., reversed the trial court's order dismissing the charges against defendant in an unpublished per curiam opinion issued October 20, 2015. The Court of Appeals held that the trial court abused its discretion by holding an evidentiary hearing because defendant had failed to make the substantial preliminary showing required under *Franks* to merit a hearing. Defendant sought leave to appeal, and the Supreme

Court ordered and heard oral argument on whether to grant the application or take other peremptory action. 499 Mich 886 (2016).

In a unanimous opinion by Chief Justice MARKMAN, the Supreme Court *held*:

The United States and Michigan Constitutions, US Const, Am IV and Const 1963, art 1, § 11, prohibit the issuance of a warrant to search any place or seize any person or property without probable cause supported by oath or affirmation. Under certain circumstances, a criminal defendant has a constitutional right to a *Franks* hearing—an evidentiary hearing to review the veracity of an affidavit on which a search warrant is based and determine whether the affidavit is sufficient to support a magistrate's conclusion that probable cause existed to believe that evidence of a crime would be found in a particular place. A trial court must hold a *Franks* hearing at a defendant's request whenever the defendant's offered evidence constitutes a substantial preliminary showing that the affiant made a false statement—knowingly and intentionally, or with reckless disregard for the truth—and the false statement was necessary to the finding of probable cause required to issue the warrant. *Franks* governs whether the Fourth Amendment demands that an evidentiary hearing be held; that is, *Franks* concerns when a trial court may not deny a defendant an evidentiary hearing. However, nothing prevents a trial court from holding a hearing to examine the veracity of a warrant affidavit even without a substantial preliminary showing by a defendant. Given the absence of any identified prohibition in the federal Constitution or federal law and the latitude that Michigan trial courts generally have regarding motion practice and evidentiary hearings, a trial court may exercise its discretion and hold an evidentiary hearing to review the veracity of an affidavit and determine whether a search warrant was supported by probable cause. A trial court's decision to hold an evidentiary hearing is reviewed for an abuse of discretion. In this case, the trial court did not abuse its discretion by granting defendant's motion for a hearing, and the prosecution did not challenge the trial court's ruling following the hearing—that the warrant was not supported by probable cause. Accordingly, the trial court order dismissing the charges against defendant was reinstated.

Reversed.

Justice WILDER took no part in the decision of this case.

©2017 State of Michigan

# OPINION

Chief Justice:
Stephen J. Markman

Justices:
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen
Kurtis T. Wilder

FILED May 12, 2017

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v                                  No. 152840

DARIUS LAMARR FRANKLIN,

      Defendant-Appellant.

---

BEFORE THE ENTIRE BENCH (except WILDER, J.)

MARKMAN, C.J.

This case concerns whether a trial court in its discretion may hold an evidentiary hearing to collaterally review a magistrate's finding of probable cause on the basis of a defendant's challenge to the veracity of a warrant affidavit in light of the United States Supreme Court's holding in *Franks v Delaware*, 438 US 154; 98 S Ct 2674; 57 L Ed 2d 667 (1978). *Franks* held that "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and . . . the allegedly false

statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." *Id*. at 155-156. The Court of Appeals interpreted *Franks* as barring a trial court from granting a defendant an evidentiary hearing to challenge the veracity of a search warrant affidavit following the warrant's execution "*unless* the defendant makes '[the] substantial preliminary showing' " as set forth in *Franks*. *People v Franklin*, unpublished per curiam opinion of the Court of Appeals, issued October 20, 2015 (Docket No. 322655), p 2 (emphasis added), quoting *Franks*, 438 US at 155-156. We reverse the judgment of the Court of Appeals, and we hold that *Franks* controls the circumstances under which "the Fourth Amendment *requires* that a hearing be held at the defendant's request," *Franks*, 438 US at 156, but *Franks* does not bar a trial court from exercising its discretion to grant evidentiary hearings concerning the veracity of search warrant affidavits under other circumstances. (Emphasis added.) Because the prosecutor did not appeal the trial court's conclusion that the warrant affidavit was not supported by probable cause, the only issue before the Court is whether the trial court abused its discretion by holding the evidentiary hearing. We reverse the judgment of the Court of Appeals and conclude that the trial court did not abuse its discretion when it granted defendant's motion for an evidentiary hearing.

## I. FACTS AND HISTORY

On March 21, 2014, Police Officer Lynn Moore signed an affidavit in support of a search warrant for defendant Darius Franklin's house, alleging illegal drug activity based on both Moore's own surveillance earlier that day and information from a confidential informant (CI). The affidavit stated in relevant part:

3.) On **03/11/2014**, Affiant was contacted by an unregistered confidential informant, whom Affiant has used numerous time[s] prior, advising Affiant on the location of [address omitted] being involved in a high amount of marijuana trafficking. Affiant has used this informant numerous (over 10 times) in the past resulting in confiscations of narcotics, weapons and multiple felony arrests.

4.) Upon Affiant researching the Narcotics Complaint Data Base, Affiant found no open Narcotics Complaints stemming from this location.

5.) On **03/21/2014** Affiant set up a surveillance operation on the above location mentioned. At this time Affiant observed 5 unknown individuals within a (30) minute period walk up to the above described location front main entry door. These unknown individuals were then met by the above mentioned seller from inside of the above location by opening the front main entry door and security gate. After a brief conversation with each unknown individual, the above mentioned seller would then let these individuals inside of the location. The above mentioned individuals would then exit the location and walk off in different directions. Each transaction took less than (1) minute to complete. Upon the last individual leaving the area Affiant engaged this person in conversation. Affiant questioned if the above location was open for sales of marijuana. Unknown individual then stated "Yah, they up right now just go to the front door and they will hook you up". Unknown individual then walked away. Affiant ended surveillance operation.[1]

The proposed search warrant described the alleged seller as a 25- to 27-year-old black male. After reviewing the affidavit, the magistrate determined that there was probable cause to believe that defendant's home contained illegal drugs, and the magistrate issued a search warrant. During the subsequent search of defendant's home, the police found a handgun and two bags of marijuana (about 350 grams in total), but they did not find a scale, baggies, or packaging equipment. Defendant was the only person home. He was charged with possession with intent to deliver marijuana, MCL 333.7401(2)(d)(*iii*),

---

[1] We have omitted the street address of defendant's house from where it appeared in several spots in the quoted affidavit.

carrying a firearm during the commission of a felony, MCL 750.224f, and being a felon in possession of a firearm, MCL 750.227b(1).

Before trial, defendant moved for an evidentiary hearing pursuant to *Franks*, 438 US 154, to quash the search warrant, and to suppress the evidence seized. Under *Franks*, a defendant is constitutionally entitled to an evidentiary hearing to attack the veracity of a warrant affidavit when the defendant offers a "substantial preliminary showing" that the affiant allegedly acted with "deliberate falsehood or [with] reckless disregard for the truth . . . ." *Id*. at 171. Defendant's offer of proof in this case consisted of his own affidavit stating that his front door had a locked security gate that required a key and had not been used in approximately six months.[2]

At the hearing held on defendant's motion for a *Franks* hearing, the trial court denied defendant's motion to quash the search warrant, concluding that the information in Paragraph 5 was sufficient to demonstrate probable cause; the court nonetheless granted the motion to hold a *Franks* hearing. The court opined that the affiant had failed to supply sufficient information to demonstrate that the CI was credible. At the

---

[2] On the day of defendant's motion for a *Franks* hearing, he faxed his own affidavit to the court to be attached to his motion. Whether the trial court reviewed the affidavit before making its ruling is unclear. In defendant's application for leave to appeal in this Court, he asserted that the trial court possessed his affidavit, an affidavit from his neighbor, and photographs of the front entrance to defendant's home before the court granted defendant's motion. The prosecutor moved under MCR 2.115(B) to strike defendant's application for leave to appeal, alleging breaches of MCR 7.212(C)(6) and MCR 7.305(A)(1)(d) for failure to accurately portray the facts of the case. We are not convinced that any misrepresentations defendant may have made of the record were intentional, and the misrepresentations have not influenced this Court's evaluation. We therefore deny the prosecutor's motion to strike.

4

conclusion of the motion hearing the court ordered the prosecutor to provide more detailed information in preparation for the *Franks* hearing regarding the CI, including "all the times [the] affiant has used this unregistered [CI] on search warrants and . . . whatever field notes that are used so that this Court can be assured that the unregistered [CI] is the same one." The prosecutor objected to the *Franks* hearing, arguing that defendant had not made the requisite showing to merit the hearing.

At the evidentiary hearing, the affiant testified that he generally does not keep logs or records of his unnamed and unregistered informants and that he pays them an undisclosed amount of money from his personal funds. In addition, the affiant acknowledged that he never witnessed an exchange of money or drugs at defendant's house despite referring in his affidavit to a "seller" and "transactions." Defendant also provided photographs of the front of his house taken from the vantage point of his next door neighbor's house, and his neighbor testified that visitors did not frequently come and go from defendant's home at short intervals and that she never saw anyone "go in and out" of his front door. Defendant testified that there is a locked steel gate in front of his front door and that no one uses his front door. He further testified that he was 41 years old, lived alone, and that no young man had ever stayed in his home.

Following the hearing, the trial court granted defendant's motion to suppress, finding that the information in support of the affidavit for the search warrant was not credible. More specifically, the court found that there was no evidence that the unregistered CI had provided information from his personal knowledge. The trial court concluded that the affiant had acted with "reckless disregard for the truth" when he included the CI's information in his affidavit without confirming its reliability or

5

otherwise corroborating it. The trial court ultimately dismissed all charges against defendant.

The prosecutor appealed, and the Court of Appeals reversed, holding that the trial court abused its discretion by ordering an evidentiary hearing when defendant had failed to make an adequate showing under the standard set out in *Franks*, 438 US at 155-156, that is, a substantial preliminary showing that a hearing was necessary. *Franklin*, unpub op at 4. The prosecutor did not appeal the suppression order issued at the conclusion of the evidentiary hearing. Rather, she argued only that the decision to hold an evidentiary hearing regarding the warrant affidavit constituted an abuse of discretion. Consequently, the Court of Appeals reversed the trial court's order dismissing the charges but did not address the substance of the trial court's decision concerning defendant's motion to suppress. *Id*. Defendant then appealed in this Court, and we directed that oral argument be heard on defendant's application for leave to appeal. *People v Franklin*, 499 Mich 886 (2016). Having heard oral argument on January 12, 2017, in lieu of granting leave to appeal, we reverse the judgment of the Court of Appeals.

## II. STANDARD OF REVIEW

"A trial court's decision to hold an evidentiary hearing is generally reviewed for an abuse of discretion." *People v Danto*, 294 Mich App 596, 613; 822 NW2d 600 (2011). An abuse of discretion occurs when a trial court's decision "falls outside the range of reasonable and principled outcomes." *People v Duncan*, 494 Mich 713, 723; 835 NW2d 399 (2013). "A trial court necessarily abuses its discretion when it makes an error of law." *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 274; 884 NW2d 257

6

(2016). The facts supporting the grant or denial of an evidentiary hearing are reviewed for clear error, and the application of the law to those facts is reviewed de novo. *People v Martin*, 271 Mich App 280, 309; 721 NW2d 815 (2006), aff'd 482 Mich 851 (2008). A trial court's factual finding "is clearly erroneous if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *People v Bylsma*, 493 Mich 17, 26; 825 NW2d 543 (2012) (quotation marks and citation omitted).

## III. ANALYSIS

"[N]o Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." US Const, Am IV. Similarly, the Michigan Constitution provides, "No warrant to search any place or to seize any person or things shall issue without describing them, nor without probable cause, supported by oath or affirmation." Const 1963, art 1, § 11.[3]

A magistrate shall only issue a search warrant when he or she finds that "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v Gates*, 462 US 213, 238; 103 S Ct 2317; 76 L Ed 2d 527 (1983). A magistrate's finding of probable cause and decision to issue a search warrant are reviewed to ensure that the magistrate possessed a " 'substantial basis for . . .

---

[3] "[T]his Court need not interpret a provision of our Constitution in the same manner as a similar or identical federal constitutional provision . . . ." *People v Tanner*, 496 Mich 199, 256; 853 NW2d 653 (2014). However, neither party argues that the Michigan Constitution should be interpreted differently from the federal Constitution in the present context.

conclud[ing]' that a search would uncover evidence of wrongdoing . . . ." *Id*. at 236 (citation omitted; alteration in original). A magistrate's finding of probable cause and his or her decision to issue a search warrant should be given great deference and only disturbed in limited circumstances. *People v Keller*, 479 Mich 467, 474; 739 NW2d 505 (2007); *Johnson v United States*, 333 US 10, 14-15; 68 S Ct 367; 92 L Ed 436 (1948) ("There are exceptional circumstances in which, on balancing the need for effective law enforcement against the right of privacy, it may be contended that a magistrate's warrant for search may be dispensed with."). Judicial deference to a magistrate's issuance of a warrant is a legal principle found throughout United States Supreme Court caselaw intended to emphasize the magistrate's role as an independent judicial officer and to encourage law enforcement officers to secure warrants. See *Gates*, 462 US at 236 ("[A]fter-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of *de novo* review. A magistrate's 'determination of probable cause should be paid great deference by reviewing courts.' ") (citation omitted); *United States v Ventresca*, 380 US 102, 108; 85 S Ct 741; 13 L Ed 2d 684 (1965) ("A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting.").

Over time, however, the United States Supreme Court has established exceptions to this general rule; that is, it has identified "exceptional circumstances" in which a magistrate's warrant for search may be "dispensed with" upon review by the trial court. *Johnson*, 333 US at 14-15. For example, a warrant affidavit may be defective if it was insufficient. *Nathanson v United States*, 290 US 41, 46; 54 S Ct 11; 78 L Ed 159 (1933) (holding that a warrant cannot be supported by "a mere affirmation of suspicion and

8

belief without any statement of adequate supporting facts").[4]  The instant case concerns another circumstance in which an affidavit may be deemed defective upon review by a trial court.  In particular, it concerns when a warrant affidavit may be challenged in the manner established by the United States Supreme Court in *Franks*, 438 US 154.

### A.  *FRANKS v DELAWARE*

*Franks*, 438 US at 155-156, concerned whether an individual may be constitutionally entitled to challenge the *veracity* of a warrant affidavit after the warrant has been issued.  *Franks* concluded that in particular circumstances the Fourth and Fourteenth Amendments, and the exclusionary rule derived from those amendments, require the trial court to hold an evidentiary hearing to review the magistrate's finding of probable cause and the warrant affidavit on which it is based. *Id*. at 171-172.  The instant case concerns the breadth of the Court's holding in *Franks*.

*Franks* held that a defendant is entitled to an evidentiary hearing in order to show that the affidavit is void when the defendant makes a substantial preliminary showing of a

---

[4] See also *Jones v United States*, 362 US 257, 269; 80 S Ct 725; 4 L Ed 2d 697 (1960) (concluding that a sufficient warrant affidavit may contain hearsay "so long as a substantial basis for crediting the hearsay is presented" and the statements are "reasonably corroborated by other matters within the [affiant's] knowledge"), overruled on other grounds by *United States v Salvucci*, 448 US 83, 85; 100 S Ct 2547; 65 L Ed 2d 619 (1980); *Aguilar v Texas*, 378 US 108, 114; 84 S Ct 1509; 12 L Ed 2d 723 (1964) (stating that a warrant affidavit must provide the magistrate with at least "some of the underlying circumstances from which the officer concluded that the informant . . . was 'credible' or his information 'reliable' "), abrogated on other grounds by *Gates*, 462 US at 238; *Spinelli v United States*, 393 US 410, 418-419; 89 S Ct 584; 21 L Ed 2d 637 (1969) (holding that the "assertion of police suspicion" cannot save an otherwise insufficient warrant affidavit), abrogated on other grounds by *Gates*, 462 US at 238; *Gates*, 462 US at 236-246 (explaining, on the basis of prior Supreme Court decisions, the proper method of examining an affidavit for sufficiency).

9

deliberate falsehood or reckless disregard for the truth by the affiant.  *Id*. at 155-156.

*Franks* explained the proofs necessary to entitle a defendant to an evidentiary hearing on

the defendant's challenge to an affidavit's veracity:

> There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant.  To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine.  There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof.  They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons.  Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.  Allegations of negligence or innocent mistake are insufficient.  The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant.  Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, *no hearing is required*.  On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing.  Whether he will prevail at that hearing is, of course, another issue.  [*Id*. at 171-172 (emphasis added).]

*Franks* further held that "[i]n the event that at that hearing the allegation of perjury or

reckless disregard is established by the defendant by a preponderance of the evidence,

and, with the affidavit's false material set to one side, the affidavit's remaining content is

insufficient to establish probable cause, the search warrant must be voided . . . ."  *Id*. at

156.  In sum, *Franks* created a single basis for both the inquiry concerning an affidavit's

veracity and the inquiry into whether the warrant should be voided.  That basis-- when a

deliberate falsehood or reckless disregard for the truth is contained in the affidavit--

entitles a defendant to first secure an evidentiary hearing to challenge the veracity of a

10

search warrant affidavit (by making a "substantial preliminary showing" of deliberate falsehood or reckless disregard for the truth). *Id*. at 155-156. On this same basis, the defendant may then be entitled to have the warrant voided (when the deliberate falsehood or reckless disregard for the truth is established by a "preponderance of the evidence" and the affidavit's remaining content is insufficient to establish probable cause). *Id*. at 156.

Significantly, nothing in *Franks* speaks to when a trial court is *prohibited* from holding an evidentiary hearing to review a warrant affidavit. Rather, *Franks* established only when a defendant possesses the right to a hearing, i.e., when a trial court may not *deny* a hearing to the defendant. *Id*. When the Court was presented with the Supreme Court of Delaware's prior holding "that a defendant under *no* circumstances may so challenge the veracity of a sworn statement used by police to procure a search warrant," *Franks* responded that

> where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment *requires* that a hearing be held at the defendant's request. [*Id*. (emphasis added).]

*Franks* principally relied on the Fourth Amendment's pronouncement that " 'no Warrants shall issue, but upon probable cause, supported by Oath or affirmation . . . .' " *Id*. at 164, quoting US Const, Am IV. The Court reasoned that an oath or affirmation can only logically establish probable cause if it is truthful, meaning that "the information put forth is believed or appropriately accepted by the affiant as true." *Id*. at 165. The Court concluded that "it would be an unthinkable imposition upon [a magistrate's] authority if a

11

warrant affidavit, revealed after the fact to contain a deliberately or recklessly false statement, were to stand beyond impeachment." *Id*.

In recognition of the "competing values" at issue-- namely deference to the magistrate's exercise of judgment in issuing a warrant and the need to safeguard Fourth Amendment guarantees-- the Court imposed limitations upon a defendant's constitutional *right* to a *Franks* veracity hearing.[5] *Id*. "[A] hearing on allegations of misstatements *must* be accorded" only when the defendant has made the required substantial preliminary showing, and "exclusion of the seized evidence is *mandated*" only if the content of the affidavit that has survived the veracity hearing is insufficient to establish probable cause. *Id*. at 167 (emphasis added). Regarding all other circumstances that might arise in the context of a challenge to a warrant affidavit, the Court was silent. In particular, *Franks* was silent concerning when a trial court might be *barred* from exercising its own discretion to hold a veracity hearing. In short, the focus of *Franks* was on the defendant's constitutional *right* to a hearing and not on *limiting* the trial court's *discretion* to hold a veracity hearing.[6]

---

[5] We note that the latter of these "competing values" is firmly grounded in the Constitution while the former appears to be rooted in practical policy concerns. See, e.g., *Gates*, 462 US at 236 ("If the affidavits submitted by police officers are subjected to the type of scrutiny some courts have deemed appropriate, police might well resort to warrantless searches."); *Ventresca*, 380 US at 108 ("A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting.").

[6] Indeed, we see no language in *Franks* that purports to impose such a procedural limitation on state judiciaries.

12

The Tenth Circuit has concluded similarly: "*Franks* speaks only of the showing a defendant must make to 'mandate' an evidentiary hearing. Nothing in the opinion or the logic on which it rests suggests that a district court must forswear an evidentiary hearing unless the defendant's motion makes one constitutionally compulsory." *United States v Herrera*, 782 F3d 571, 573 (CA 10, 2015) (citation omitted). *Herrera* further emphasized the discretionary authority of trial courts in motion practice:

> [D]istrict courts generally enjoy a fair amount of discretion in choosing the procedures they find most helpful for resolving pretrial motions, including whether to take the matter on the briefs, hear oral argument, or hold an evidentiary hearing. And often enough courts will choose to err on the side of granting more process than might be strictly necessary in order to ensure not only that justice is done but that justice is seen to be done. [*Id*. at 573-574.]

Similarly, the Massachusetts Supreme Court has stated that a trial court may hold an evidentiary hearing on the veracity of a search warrant affidavit at its discretion. *Commonwealth v Douzanis*, 384 Mass 434, 443; 425 NE2d 326 (1981) ("A *Franks*-type hearing was not constitutionally mandated. The judge could, nevertheless, determine in his discretion to hold a *Franks*-type hearing . . . ."). These cases closely mirror the legal question here and support our understanding of *Franks* as a constitutional *floor* safeguarding a defendant's rights rather than a *ceiling* on trial court discretion. Therefore, the Court of Appeals erred when it held that "under *Franks*, an evidentiary hearing challenging the validity of a search warrant *may not be granted unless* the defendant makes a substantial preliminary showing . . . ." *Franklin*, unpub op at 2 (quotation marks omitted; emphasis added).

13

### B. OTHER FEDERAL CONSTRAINTS

We next consider whether federal law in *any other regard* prohibits states from holding veracity hearings concerning warrant affidavits. Generally, a state is free to act as long as the state does not contravene the federal Constitution. US Const, Am X ("The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people."). See also, e.g., *Oregon v Hass*, 420 US 714, 719; 95 S Ct 1215; 43 L Ed 2d 570 (1975) ("[A] State is free *as a matter of its own law* to impose greater restrictions on police activity than those this Court holds to be necessary upon federal constitutional standards.").

We are unable to identify any federal constitutional protection that is violated when a state trial court allows a defendant an evidentiary hearing on the veracity of a search warrant affidavit even when the defendant has not made a substantial preliminary showing of deliberate falsehood or reckless disregard for the truth pursuant to *Franks*, nor have the parties pointed us to any restraint. See, e.g., *Herrera*, 782 F3d at 573-574 (stating that the government provided no "potential source of authority" or "compelling reason" why a trial court's decision to grant an evidentiary hearing should be limited by more than review for an abuse of discretion). And Michigan, if it chooses, possesses the sovereign authority to allow its own trial courts to provide a defendant with additional process through an evidentiary hearing held in the reasonable exercise of the trial court's discretion. *Herb v Pitcairn*, 324 US 117, 125-126; 65 S Ct 459; 89 L Ed 789 (1945) ("[The United States Supreme Court's] only power over state judgments is to correct them to the extent that they incorrectly adjudge federal *rights*.") (emphasis added).

14

Having failed to identify any federal law that binds Michigan on this question, we turn to state law.[7]

## C. TRIAL COURT DISCRETION

In accordance with *Franks*, Michigan *requires* trial courts to dispense with the offending parts of a search warrant affidavit when, at a *Franks* hearing, a defendant demonstrates "by a preponderance of the evidence that [the affiant] recklessly or intentionally made false statements in the affidavit upon which the search warrant was based." *People v Reid*, 420 Mich 326, 336; 362 NW2d 655 (1984). Michigan, however, has not addressed under what circumstances a trial court *may conduct* an evidentiary hearing concerning the veracity of a search warrant affidavit following the warrant's execution.

In general, trial courts in our state possess reasonable discretion regarding whether to hold hearings concerning the range of motions that typically come before them. See, e.g., MCR 2.119(F)(2) (authorizing a trial court to hold oral arguments although none are ordinarily permitted on a party's motion for reconsideration); *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 405; 651 NW2d 756 (2002) ("[W]here the party requesting relief fails to provide specific allegations of fraud relating to a material fact, the trial court need not proceed to an evidentiary hearing."); *Mich Bank-Midwest v D J Reynaert, Inc*, 165 Mich App 630, 643; 419 NW2d 439 (1988) (ruling that a trial court had discretion to refuse to hold an evidentiary hearing on a motion to intervene when one might ordinarily

---

[7] Neither party argues that the discretionary evidentiary hearings at issue violate the Michigan Constitution or Michigan law, and therefore we do not address such arguments.

15

be required). The Court of Appeals has explained why trial courts are best suited to determine whether an evidentiary hearing on a given motion should be held:

> [W]e believe that the trial court itself is best equipped to decide whether the positions of the parties (as defined by the motion and response, as well as by the background of the litigation) mandate a judicial assessment of the demeanor of particular witnesses in order to assess credibility as part of the fact-finding process. Some motions undoubtedly will require such an assessment, e.g., situations in which "swearing contests" between two or more witnesses are involved, with no externally analyzable indicia of truth. Other motions will not, e.g., situations in which ascertainable material facts are alleged, such as the contents of a bank account on a particular day. Where the truth of fraud allegations can be determined without reference to demeanor, we do not believe that the law requires a trial court to devote its limited resources to an in-person hearing. [*Williams v Williams*, 214 Mich App 391, 399; 542 NW2d 892 (1995).]

There are instances in which trial courts are *obligated* to hold evidentiary hearings. See, e.g., MCR 7.208(B) (the trial court shall hear and decide a motion for "a new trial, for judgment of acquittal, to withdraw a plea, or to correct an invalid sentence"); MCR 2.119(E)(1) ("Contested motions should be noticed for hearing . . . ."); *Craig v Oakwood Hosp*, 471 Mich 67, 83; 684 NW2d 296 (2004) (requiring a trial court to conduct a hearing to determine whether the expert's opinion was "based on generally accepted methodology"); *People v Kaufman*, 457 Mich 266, 276; 577 NW2d 466 (1998) (holding that while a motion to suppress evidence generally requires an evidentiary hearing, the parties may agree to have the motion decided on the basis of the record of a preliminary examination); *Rapaport v Rapaport*, 185 Mich App 12, 16; 460 NW2d 588 (1990) ("[W]here a party alleges that a fraud has been committed on the court, it is generally an abuse of discretion for the court to decide the motion without first conducting an evidentiary hearing into the allegations."). Yet, we have not found any Michigan

16

constitutional provision, court rule, or caselaw-- nor have the parties pointed us to any such authority-- *prohibiting* a trial court from holding an evidentiary hearing on a motion, as long as doing so is not an abuse of the trial court's discretion.[8]  See *Unger*, 278 Mich App at 216-217 ("[A] trial court's decision whether to hold an evidentiary hearing is reviewed for an abuse of discretion.").  Given the absence of any identified prohibition, and given the latitude Michigan trial courts enjoy regarding motion practice and evidentiary hearings generally, we conclude that trial courts possess the authority to grant discretionary evidentiary hearings on the veracity of search warrant affidavits and a trial court's decision to hold a veracity hearing is subject to review only for an abuse of discretion.

Our holding today-- that even in the absence of the substantial preliminary showing required by *Franks* a trial court may conduct an evidentiary hearing concerning the veracity of a search warrant affidavit-- does not purport to address *Franks*'s holding regarding *when* "the search warrant must be voided" after an evidentiary hearing. *Franks*, 438 US at 156.  Rather, the exercise of discretion addressed in this case is simply whether to *convene* an evidentiary hearing concerning the veracity of a search warrant affidavit; therefore, our decision does not affect or alter the standards that govern the *outcome* of those hearings.  At an evidentiary hearing, before the court may void the warrant pursuant to *Franks* or order suppression of evidence, the defendant must still meet his or her full burden of establishing by a preponderance of the evidence that the

---

[8] Even when the parties have agreed to the entry of a proposed order or waived notice and hearing, the trial court may decline to enter the order and instead hold a hearing on the motion.  See MCR 2.119(D)(3).

affidavit contains a reckless or deliberate falsehood and that with this material "set to one side, the affidavit's remaining content is insufficient to establish probable cause."[9] *Franks*, 438 US at 156. See also *Reid*, 420 Mich at 336 ("At a *Franks* hearing, evidence may be suppressed only upon a showing that false material essential to probable cause was knowingly or recklessly included.").

## D. APPLICATION

The record demonstrates that the trial court did not rely on, or even refer to, defendant's offer of proof purportedly satisfying the requirements of *Franks* as a reason for its decision. See *Franks*, 438 US at 171. Rather, it stated that it was granting the hearing because of its *own* concern regarding the credibility of the CI and whether the CI's information was based on personal knowledge. See MCL 780.653 (stating that a search warrant affidavit may be based on information supplied by an unnamed CI if it contains affirmative allegations that allow a magistrate to conclude that the CI possessed personal knowledge of the information and either that the CI is credible or the information is reliable). The trial court in this case stated that, if taken as true, the information "contained in number five [of the affidavit] is sufficient for the issuance based on there being a fair probability that drugs would be found . . . ."[10] The trial court granted the hearing nonetheless and directed the affiant to bring further information

---

[9] Of course, the defendant could also meet this burden by setting forth other grounds established under Michigan law for holding the warrant affidavit defective, such as insufficiency. See, e.g., *Keller*, 479 Mich 467.

[10] Paragraph 5 of the affidavit pertained to the affiant's observation of persons coming to and going from defendant's front door for alleged illegal purposes.

regarding the CI to the hearing because the court was troubled by the credibility and reliability of the CI.[11] Nothing in the trial court's reasoning indicated that it relied in any way on defendant's offer of proof as opposed to its own independent concerns. Therefore, the court exercised its discretion to grant the hearing without expressly deciding that defendant had satisfied the *Franks* standard.

The question is whether the trial court properly exercised its discretion by deciding to hold a hearing. As already noted, nothing in federal or Michigan law prevents a trial court from exercising its judgment in this manner, short of engaging in an abuse of discretion. Because the Court of Appeals incorrectly assumed that the trial court could not conduct an evidentiary hearing on the veracity of the search warrant affidavit absent defendant's making of a substantial preliminary showing under *Franks*, the Court of Appeals incorrectly concluded that the trial court abused its discretion by conducting the hearing. The trial court's decision to grant an evidentiary hearing was not outside the range of reasonable and principled outcomes, i.e., an abuse of discretion, given the reasons the trial court articulated for its decision.[12] *Duncan*, 494 Mich at 722-723.

---

[11] The trial court also emphasized that despite the affiant's claimed observation of five illegal drug "transactions" earlier in the day, no evidence of drug sales, such as drug packaging, a scale, or money, was found during the search. We make no judgment about whether it was proper for the court to give consideration to this lack of evidence.

[12] To facilitate appellate review, we encourage trial courts to state on the record their reasons for granting a *Franks* hearing.

19

Further, the prosecutor has not challenged the court's subsequent ruling that the warrant was not supported by probable cause.[13]

## IV. CONCLUSION

The circumstances under which an evidentiary hearing regarding a warrant affidavit *must* be held as directed by *Franks* are not the only circumstances under which such a hearing *may* be held. A trial court's decision to hold an evidentiary hearing on the veracity of the search warrant affidavit should be reviewed, as trial court decisions regarding whether to hold an evidentiary hearing are reviewed in a wide variety of other matters, for an abuse of discretion. The judgment of the Court of Appeals is reversed, and we reinstate the trial court's order dismissing the charges against defendant.

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen

WILDER, J., took no part in the decision of this case.

---

[13] Given that the warrant affidavit was ultimately deemed defective, we question whether there would be a proper remedy that could be afforded the prosecutor if the motion to hold the hearing had been granted in error. See generally *People v Yost*, 468 Mich 122, 124 n 2; 659 NW2d 604 (2003) ("If defendant went to trial and were found guilty, any subsequent appeal would not consider whether the evidence adduced at the preliminary examination was sufficient to warrant a bindover."); *People v Plunkett*, 485 Mich 50, 57; 780 NW2d 280 (2010) (stating that the "standard [of probable cause for a bindover] is less rigorous than the requirement to find guilt beyond a reasonable doubt to convict a criminal defendant").